## FOSTER v. GOREE.

1. Where a deed made to secure a surety to a debt in bank, payable by instalments, provided that if the trustee named in the deed should fail or refuse to act, that the *cestui que trust* might appoint another to act in his stead—and the trustee in the deed failing to act upon the happening of the first default, an appointment was made of a trustee who took possession of the trust estate, but the instalment being paid redelivered the property to the makers of the deed, and upon the happening of another default, another person was appointed trustee, who took possession of the property and sold according to the terms of the deed—Held,

1st. That the power was not exhausted by the first appointment.

2d. That as the deed did not require such appointment to be in writing, and the property to be sold under the deed was personal property, the appointment might be made by parol.

Error to the Circuit Court of Tuscaloosa.

Trover, by the plaintiff against the defendant in error, for a slave.

Upon the trial the plaintiff offered in evidence a deed of trust made by Samuel Miller and James G. Addison to secure the plaintiff as surety to a note payable in Bank, which deed contained the following clause:

"If said Andrew B. Brown, trustee, should fail or refuse, from absence or any other cause, to execute this trust, it shall be in the power of the said parties of the third part to appoint another trustee in his stead, who, when so appointed, shall be invested with all the duties, powers and privileges here given to said Brown."

The plaintiff, to establish a sale to him of the negro sued for under the deed, offered to prove that in consequence of the absence of the trustee named in the deed, the party of the third part had substituted by parol another person as trustee, who proceeded to act by taking a portion of the property into possession, on the first default, but delivered up the same on payment of the money for which the default was incurred, and upon a like failing further to act, the party of the third part then substituted by parol, another, by whom the sale of the negro was made pursuant to the deed.

The Court ruled that the deed by its terms, only provided for the appointment of a second trustee upon the happening of the contingency contemplated by the deed, and that when such appointment was made the power was exhausted, and that a further appointment could not be made—the Court further held that such appointment must be in writing, to which the plaintiff excepted. Judgment was rendered for the defendant.

The assignment of error brings to view the charge of the Court.

B. F. PORTER, for plaintiff in error.

HUNTINGTON, contra, cited 15 Johns. 207; 7 Dana, 246 ; 7 Johns. 9 ; 11 id. 529; 2 Stewart, 144; 4 Munford, 351 ; 9 Dana, 380; 8 Porter, 303 ; Story on Agency, 137, 159 ; Lewin on Trusts, 465.

ORMOND, J.—Two questions are made at the bar. First, was it necessary that the trustee, who, by the terms of the deed, the *cestui que trust* was permitted to substitute for the original trustee, on his failing to act, should be appointed by writing.

Second—Was the power of appointment exhausted by the first appointment.

These questions are to be answered by the intention of the parties as expressed in the deed. When power to do any act is conferred on another, and the *mode* of its execution is defined, the power can be exercised only in strict conformity with the terms of the grant. [1 Sug. on Pow. 266.] When the power is conferred in general terms, it is an authority to do the act in any mode which the law would sanction or give effect to. In this case, the grant of power to appoint a trustee is in general terms, and as an authority to sell personal property may be given by parol, without writing, it follows that the parol authority conferred in this case was sufficient.

We are also of opinion that the power was not exhausted by the first appointment. The obvious intention of the parties was, that the deed should not fail for want of a trustee, and a trustee was as necessary to save the surety harmless

against the second default as against the first, as therefore the power is not confined by the terms of the deed to the first default, we cannot presume such to have been the intention of the parties, as that would defeat the object in view in making the deed, and prevent it from being any security to the person intended to be benefitted by it.

The intention of the parties doubtless was, that upon the happening of any of the defaults mentioned in the deed, if the trustee appointed by the deed failed or refused to act, the *cestui que trust* might appoint one to act in his place. The power of appointment is given when the *trustee fails or refuses to execute the trust.* This certainly covers the entire deed, and embraces all defaults, unless it can be shown that the trust did not reach to all the defaults.

As, therefore, the deed does not provide that the power to appoint a trustee shall be extinct when once exercised, we cannot infer such to have been the intention of the parties, as it might be destructive of the object the parties intended to provide for.

Let the judgment be reversed and the cause remanded.