Seifrath vs. The State.

SEIFRATH vs. THE STATE.

1. BILL OF EXCEPTIONS: *Must show it contains all the evidence.*
   Unless the bill of exceptions negatives the idea that other testimony was adduced in the court below, this court will presume in favor of the judgment below, that there was sufficient proof to warrant it.

2. MOTION FOR NEW TRIAL: *Must not contain facts.*
   Mere statements in a motion for a new trial that certain rulings were made by the court and excepted to by a party, amount to nothing, unless it is shown by the bill of exceptions that such rulings were made and excepted to. It is the office of a motion for a new trial to show the grounds on which the new trial is asked, but such grounds are not to be taken as true unless shown to be so by the bill of exceptions.

ERROR to *Franklin* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Boles, Feilder & Feilder,* for plaintiff.

*Henderson, Attorney General, contra.*

ENGLISH, C. J.   Frederick Seifrath was charged, tried and convicted before a justice of the peace of Franklin county for carrying a pistol as a weapon.   He appealed to the circuit court, where he was again tried by a jury, on plea of not guilty, convicted and fined $25.

He filed a motion for a new trial, which was overruled, and he took a bill of exceptions, and brought error.

It was assigned as ground for a new trial that the verdict was contrary to evidence.   The bill of exceptions sets out the testimony of a number of witnesses examined at the trial, but does not state in so many words, or words of equivalent import, that this was all the evidence introduced, or use any expression to exclude the inference that other evidence might have been introduced.

Unless the bill of exceptions negatives the idea that other testimony was adduced in the court below, this court will presume in favor of the judgment below, that there was sufficient proof to warrant it.  *Jordan v. Adams, 7 Ark., 348; Everett v. Clements, 9 ib., 478; Mitchell v. Byrd, 7 ib., 408; Moss v. The State, 17 ib., 331.*

It is stated in the motion for a new trial that the court erred in giving certain instructions, and in refusing others, the substance of which is stated in the motion.   But the bill of exceptions does not show that any instructions were asked by either party, or that any were given or refused, or set out any.

It is also stated in the motion for a new trial that the

court limited the counsel of defendant to five minutes for argument of the case before the jury, and that the counsel declined to attempt to make an argument in so short a time; but the bill of exceptions fails to show that the time for argument was at all limited by the court.

Mere statements in a motion for a new trial that certain rulings were made by the court, and excepted to by a party, amount to nothing unless it is shown by the bill of exceptions that such rulings were made, and excepted to. It is the office of a motion for a new trial to state the grounds on which the new trial is asked, but such grounds are not to be taken as true, unless shown to be so by the bill of exceptions.

Affirmed.