BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT *v.* POWELL.

## Opinion delivered March 15, 1909.

1. APPEAL AND ERROR—PRESUMPTION IN FAVOR OF JUDGMENT.—Where the bill of exceptions does not, expressly or inferentially, show that it contains all the evidence heard by the lower court, and does not show error affirmatively, it will be presumed on appeal that there was evidence to warrant the judgment appealed from. (Page 572.)

2. LEVEES—CONVEYANCE OF RIGHT OF WAY—EFFECT.—A deed conveying to a levee district all right of way that may be necessary in the judgment of the board of directors for the construction and maintenance of the levee does not confer upon such district the right to enter upon the grantor's land at will and remove soil for use in the maintenance of the levee. (Page 572.)

3. APPEAL AND ERROR—PRESUMPTION AGAINST AGREED STATEMENT.—Although the bill of exceptions does not state that it contains all of the evidence, no presumption will be indulged that there was evidence in conflict with the facts agreed upon between the parties. (Page 573.)

Appeal from Crittenden Circuit Court; *Frank Smith,* Judge; modified and affirmed.

*H. F. Roleson,* for appellant.

1. Where a new levee is constructed on a different route, a new right of way must be obtained. 80 Ark. 80. Here the location is the same. The deed gave the board a right of way and earth necessary to build the levee. 29 N. E. 974.

2. The verdict is excessive. Only one and one-fourth acres were taken.

*Allen Hughes,* for appellee.

1. The deed does not define the width of the right of way. The statute makes no provision as to how wide it shall be. The acts of parties and surrounding circumstances must therefore be considered. 116 Ind. 356; 119 *Id.* 218; 42 N. W. 389; 9 A. & E. Enc. Law, 76; 52 Ark. 93; 173 Pac. 496. The occupancy of a route will identify and render a grant certain. 2 Ell. on Railroads (2 Ed.), § 934 B. When the right of way is once taken, no further taking can be justified. 80 Ark. 80; 11 Gray (Mass.) 423; 71 N. Y. 194; 39 Oh. St. 70; 71 Pa. St. 64; 7 R. I. 476.

2. An enlargement of a levee cannot be accomplished without compensation. 116 Fed. 356; 126 Ind. 334; 15 L. R. A. 93. The evidence shows that five acres were taken.

McCULLOCH, C. J. Plaintiff, Wm. Powell, instituted this action against the Board of Directors of St. Francis Levee District to recover damages done to his lands by taking dirt therefrom to use in the enlargement of a levee which had been previously built through the lands. It is alleged in the complaint that the levee district constructed the stretch of levee in question through the tract of land in 1895; that plaintiff's grantor, Susan M. Sexton, executed a deed granting right of way across said land for the construction and maintenance of the levee, but that the defendant had, without authority, entered upon the land outside of the strip reasonably necessary for the construction and maintenance of the levee, and taken soil therefrom, leaving it stripped of productive soil and filled with borrow pits. The defendant answered, denying that it had taken any dirt from the lands of plaintiff outside of the right of way granted by Susan M. Sexton for the construction and maintenance of the levee.

The case was tried before the court sitting as a jury, and judgment was rendered in favor of plaintiff, assessing the damages at $250. The deed from Susan M. Sexton to the levee dis-

trict, which was introduced in evidence, contained a grant of "all right of way that may be necessary in the judgment of the Board of Directors of St. Francis Levee District for the construction and maintenance of the levee or levees to be built and constructed in, upon or across" said lands. The width of the right of way is not stated in the deed. The bill of exceptions shows that an agreed statement of facts was introduced in evidence, and also that other evidence was introduced; but it fails to show that it contains all the evidence adduced.

The rule is well established here that, "unless the bill of exceptions negatives the idea that other testimony was adduced in the court below, this court will presume, in favor of the judgment below, that there was sufficient proof to warrant it." *Seifrath* v. *State,* 35 Ark. 412. It is sufficient, however, if it appears inferentially from the bill of exceptions that it contains all the evidence. *Leggett* v. *Grimmett,* 36 Ark. 496; *Overman* v. *State,* 49 Ark. 364; *Mitchell* v. *Young,* 80 Ark. 441. There is this exception to the rule, which must be recognized, that when the bill of exceptions shows affirmatively that the judgment is erroneous, and that no evidence which could be supplied by presumption or intendment would sustain the judgment, then the judgment will be reversed, even though the bill of exceptions fails to show all the evidence. *Wadly* v. *Leggitt,* 82 Ark. 262; *North State Fire Ins. Co.* v. *Dillard,* 88 Ark. 473.

The bill of exceptions in this case does not show, either directly or inferentially, that it contains all the evidence. Nor does the statement of facts purport to give all the facts of the case. It rather presupposes that other evidence was to be introduced, and other evidence was introduced, as shown by the bill of exceptions. Therefore, we must indulge, in favor of the correctness of the judgment, every presumption which could be supplied by evidence. It is alleged in the complaint that the defendant without authority entered upon land outside of the strip of land necessary for the construction and maintenance of the levee, and removed soil for a distance of 600 feet and stripped the land of productive soil. There is nothing in the record to show where the dirt was taken from. The defendant, even under the broad authority conferred upon it by the terms of the right of way deed, would have no right arbitrarily to enter upon the plaintiff's

land at will and remove soil for use in the maintenance of the levee. It would have to confine the removal of soil within parallel lines, so as to inflict as little injury as possible to the land. As the record is silent, we must indulge the presumption that the allegations of the complaint were sustained by the evidence.

We are of the opinion, however, that the evidence does not sustain the amount of the judgment. The plaintiff concedes in his complaint that the defendant had authority to remove soil within the limits of a strip 300 feet in width for the purpose of constructing or maintaining the levee. The allegation of the complaint is "that no more than three hundred feet through said lands is reasonable and necessary for the construction and maintenance of said levee; that the defendant had without authority entered upon said land, not only the strip of three hundred feet, but also upon the land adjoining the same extending eastward and westward from the said levee more than six hundred feet," etc. According to this allegation, it must be held that the plaintiff sues for injury to the land outside of the strip three hundred feet wide. Now, the agreed statement of facts contains a stipulation to the effect that the amount of land taken by the levee district, outside of the three hundred feet strip, amounted to one and four-tenths acres; and it is also stipulated that the value of the land was $50 per acre. The court in its findings assessed the damages at $50 per acre for five acres, making a total sum of $250. Now, we cannot presume that there was evidence in conflict with the facts agreed upon between the parties, and according to this agreement the damages could not have exceeded the value of one and four-tenths acres, at $50 per acre, which would make a total of $70. The evidence therefore does not sustain a judgment for more than $70, and the judgment will be modified so as to reduce it to that amount.

It is so ordered.