BOARD OF DIRECTORS ST. FRANCIS LEVEE DISTRICT *v.* McVEY.

Opinion delivered February 26, 1917.

LEVEE DISTRICTS—TAKING LAND OF ADJACENT OWNER.—A levee district obtained a right of way over certain land for its levee; thereafter the owner of the land deeded the same to appellee. *Held,* the district had the right to appropriate certain of the land when the levee board believed it necessary for the purpose of strengthening and enlarging the levee, and the land taken being contiguous to the line originally built.

Appeal from Crittenden Circuit Court, *W. J. Driver,* Judge; reversed and dismissed.

*L. C. Going,* for appellant.

1. The agreed statement of facts shows that (1) the board under its right of way deeds constructed a levee across the lands and (2) that the land appropriated was necessary for strengthening the levee and that the land used lies contiguous to the line of levee originally built. Under the deeds the board secured title to sufficient ground to construct a levee of sufficient height and width to protect the lands from overflow. 95 S. W. 993 is not conclusive of this case.

The levee was not completed and the ground was necessary. Only sufficient ground lying contiguous to the original line was taken under the right of way deed and there was no liability.

*Hugh Hayden,* for appellee.

1. The principle of this case is settled in 95 S. W. 993. If the levee board has once selected its right

of way and constructed its levee it cannot appropriate any additional land without compensation.

### STATEMENT BY THE COURT.

This is a suit by the appellee for damages alleged to have been sustained by him through the taking of his land by the appellant for the purpose of using the dirt thereon to enlarge appellant's levee. The answer set up that appellant was entitled to the use of the land by virtue of deeds deraigning title from the George Arnold Co., a corporation, and from R. W. Barton.

Appellee owns the land in controversy and acquired title from the George Arnold Company, a corporation, and R. W. Barton. Before appellee acquired this title the Geo. Arnold Co. and R. W. Barton had conveyed to the appellant "all right of way that may be necessary in the judgment of the board of directors of the St. Francis Levee District for the construction and maintaining of the levee or levees to be built and constructed in, upon or across the following lands in said State of Arkansas, to-wit" (describing a quarter section of land.)

After appellee acquired title to the quarter section of land mentioned, the appellant appropriated six acres of the same of the value of $300 to its own use for levee construction purposes, claiming the right to do so under its right of way deed, and refuses to pay appellee for the same.

The appellant, soon after the right of way deeds were executed to it by the Arnold Company and R. W. Barton, and before the appellee purchased the same, established and constructed a line of levee across the lands mentioned. The six acres of land in controversy was appropriated by the appellant because its board of directors believed it was necessary for the purpose of strengthening and enlarging the levee, and because it lies contiguous to the line of levee originally laid out and built by the appellant.

It was admitted that if the appellee was entitled to recover at all the judgment should be for the sum of $300 and costs.

This appeal is here from a judgment in favor of the appellee.

WOOD, J. (after stating the facts.)   In the case of *Board of Directors of St. Francis Levee Dist.* v. *Powell*, 89 Ark. 570, Powell sued the district to recover damages done to his land by the taking of dirt therefrom to use in the enlargement of the levee which had been previously built through his lands.   The deed by Powell's grantor, the former owner, who had previously conveyed the right of way across the land, was precisely the same as the deed now under review.   Powell alleged in his complaint "that the defendant without authority entered upon land outside of the strip of land necessary for the construction and maintenance of the levee and removed soil for a distance of 600 feet and stripped the land of productive soil."   In that case the bill of exceptions showed that the cause was heard upon an agreed statement of facts, and that other evidence was introduced.   But the bill of exceptions failed to show that it contained all the evidence.   The court rendered judgment in favor of the plaintiff.   In that case we said:   "There is nothing in the record to show where the dirt was taken from.   The defendant, even under the broad authority conferred upon it by the terms of the right of way deed, would have no right arbitrarily to enter upon plaintiff's land at will and remove soil for use in the maintenance of the levee.   It would have to confine the removal of soil within parallel lines so as to inflict as little injury as possible to the land.   As the record is silent, we must indulge the presumption that the allegations of the complaint were sustained by the evidence."

In the case at bar the record shows that the cause was heard upon an agreed statement of facts, and there is nothing to show that there was any other evidence. It appears from the undisputed testimony that the six

acres of land in controversy was appropriated by the levee board "because the board believed it necessary for the purpose of strengthening and enlarging said levee, and the land was contiguous to the line originally built." The taking of the land under these circumstances was authorized under the deed from the original owner to appellant.

While appellant would have no right, as stated in *Levee District* v. *Powell, supra,* "arbitrarily to enter upon plaintiff's land at will and remove soil for use in the maintenance of the levee," it did have authority, under that deed, to take all land that in the judgment of the board was necessary for the construction and maintenance of the levee so long as the board was not acting arbitrarily in so doing and only took the soil within parallel lines or contiguous to the immediate line of the levee. The undisputed evidence here shows that the board was justified, under its right of way deed, in appropriating the land in controversy for the purpose of constructing, strengthening and enlarging the levee. The finding of the court to the contrary is error, and the judgment is therefore reversed and the cause is dismissed.