Board of Directors of St. Francis Levee District *v.* Redditt.

Opinion delivered May 28, 1906.

1. LEVEES—CONDEMNATION PROCEEDING.—The act creating the St. Francis Levee District, in providing that where the district fails to obtain a relinquishment of the right of way it shall proceed "as provided by law of this State in similar cases" (act February 15, 1893, § 19), contemplates that the district shall proceed as provided by Kirby's Digest, § § 4944, 4945. (Page 157.)

2. SAME—JURISDICTION OF COUNTY COURT.—The statute conferring upon the county court original jurisdiction of a proceeding to condemn a right of way for a levee (Kirby's Digest, § § 4944, 4945) is sustainable under art. 7, § 28, of the Constitution, providing that the county court shall have jurisdiction "in every other case that may be necessary to the internal improvement and local concerns of the respective counties. (Page 158.)

3. CONDEMNATION PROCEEDINGS—VALIDITY.—Condemnation proceedings, not being common-law actions, are valid if they meet the constitutional requirements, although they may not provide for a trial in course of the common law. (Page 159.)

4. SAME—FORMER ACTION PENDING.—An action of trespass by a landowner to recover damages from a levee district for appropriating her land for the construction of a levee will not lie where there is a previous action pending between the same parties for the same cause. (Page 159.)

5. SAME—PREPAYMENT OF DAMAGES.—Although a levee district may not appropriate land for its right of way without first paying therefor, the fact that it has done so will not oust the jurisdiction of the county court, or of the circuit court on appeal, to determine the damages for the taking. (Page 160.)

Appeal from Crittenden Circuit Court; *Allen Hughes,* Judge; reversed.

*H. F. Roleson,* for appellants.

1. It was error to permit the witness to testify to the value of the lands without first qualifying by showing his knowledge of market values. 51 Ark. 329; Lewis on Em. Dom. § 436. And to permit testimony as to the difference in profit from renting land and hiring the same cultivated. 1 Greenleaf, Ev. (16 Ed.), § § 430 I, 441 B; 59 Ark. 105. It was further error to permit testimony by the witness that the land overflowed three times in 1903, and had never known it to be overflowed three times in one year before the building of the levee. There was no testimony raising a presumption that such overflows would ever recur. 56 Ark. 612. It was a question for expert testimony, and even expert witnesses are not permitted to express mere conjecture. 90 Am. Dec. 181; 21 Atl. 555; 28 Am. St. Rep. 219; 37 Barb. 270; 58 N. Y. Supp. 467.

2. Appellants contend that plaintiff is not entitled to compensation for damages to lands not taken, but left outside the levee. She is not entitled to recover for incidental injuries to her land by reason of it being left outside the levee. 9 Otto, 635 (25 Law. Ed. 336); 62 Miss. 807; 23 N. Y. 42; 12 Mo. 417; 55 Mo. 119; 166 U. S. 269; 160 U. S. 452.

3. The case should have been dismissed because of the appeal from the county court then pending. Kirby's Digest, § § 4944, 4945.

*R. G. Brown,* for appellee.

1. It requires no technical knowledge to value farming lands with which one is familiar from long use and occupation. A farmer may state the value of farm lands with which he is acquainted. 17 Cyc. 119, and cases cited; 76 Miss. 641; 2 L. R. A. 221; 90 Mass. 348.

2. Under the laws of this State, payment of damages to

the owner of the land, or a deposit of money for him, is a condition precedent to any right to take possession of his land. Art. 2, § 22, Const.; art. 12, § 9, *Ib.*

3. Appellee is entitled to compensation for damages to her land outside of the levee. 52 Ark. 330; 59 Ark. 171; 35 Ark. 353; 43 Ark. 121; 41 Ark. 210; 45 Ark. 436; 1 Ark. 264; 77 Miss. 533; 13 How. 166.

4. Appellee had a right to maintain this action. Kirby's Digest, § 2903. The damages assessed shall be paid to the owner or deposited with the county treasurer for him. Kirby's Digest, § 4945. The complaint alleges this was never done. The statute does not provide within what time this deposit shall be made, but decisions in similar cases uniformly hold that it must be done before possession of the land is taken. A similar statute regarding condemnations by railroads requires the deposit to be made within 30 days after the award. Kirby's Digest, § 2957.

HILL, C. J. This is an appeal from an action brought in Crittenden Circuit Court by Mrs. Redditt, a landowner, against the levee district for appropriating her land for the construction of a levee across it, and for damages, compensatory and punitive, for its actions in the premises. The punitive damages were either not insisted upon or ruled against in the lower court, and nothing appears touching that subject beyond the allegations of the complaint.

The verdict rendered was as follows: "We, the jury, find for the plaintiff, and assess the damage at $3,000 (three thousand dollars), of which $1,787.50 is for peculiar injury to the lands outside the levee caused by the raising of the water on it, lengthening the period of overflow and leaving deposits of sand thereon."

The allegations of the complaint and the evidence show that the remainder of the verdict, $1,212.50, was for actual land taken, houses and crops destroyed and other items of actual damage incident to the construction of the levee.

The complaint alleged that the levee district had filed its petition in the county court of Crittenden County for the condemnation of a right of way over this land, and obtained the appointment of a jury of view, who viewed the land and located

the right of way and assessed damages to plaintiff therefor. The complaint further alleged that the report of the jury of view was confirmed by the county court, and that the levee district, without having tendered to plaintiff or deposited with the county treasurer the amount of the award, appealed from the judgment rendered upon said award, and shortly thereafter entered upon the land illegally and appropriated that which had been condemned by the jury of view, and constructed a high levee thereupon, and for the appropriation and consequent injuries the complaint asked damages, setting forth particularly the elements thereof. The levee district, *inter alia,* pleaded in bar of the maintenance of this action the proceeding begun in the county court which terminated in a judgment therein, and from which the levee district appealed to the circuit court, which was then pending therein. During the trial the levee district offered in evidence a certified copy of the judgment of the county court, the court refused to admit this evidence, and this is one of the errors assigned. The offered evidence showed the proceeding of the jury of view, the description of the land taken and the various items allowed for damages aggregating $1,466, and a judgment was entered thereupon that the levee district have and recover the lands described, and that Mrs. Redditt have and recover the sum found, "and the plaintiff prays an appeal to the circuit court, which is granted." And it was admitted in open court that this order had been duly perfected, and the proceeding was then pending in the circuit court.

The question confronting appellee at the threshold of this hearing is whether her suit could be maintained while the appeal of the levee district from the condemnation proceedings in the county court was pending for hearing in the circuit court.

Appellee seeks to justify the new action upon this theory: that property shall not be appropriated for public purposes until full compensation shall be first made to the owner in money, or first secured to her by a deposit of money, etc. (Const., art. 12, § 9), and that therefore this appropriation of her land, without first paying or securing in money therefor, was a trespass, pure and simple, and she could maintain an action for trespass therefor; and furthermore she contends that section 2957, Kirby's Digest, providing in case of condemnation by railroads and tele-

phone and telegraph lines, where the company does not pay or deposit the amount required to be deposited by the court or judge under section 2955 within thirty days, that it shall forfeit its rights in the premises, applies here, and a failure to deposit the amount of award of the jury of view prior to appropriating the land rendered the proceedings void, and forfeited the rights of the district to take the land under that proceeding. The act creating this levee district provided that where it failed to obtain a relinquishment of right of way it shall proceed "as provided by law of this State in similar cases." Act February 15, 1893, § 19. At that time there was upon the statute books the act of 1879, providing for condemnation proceedings by levee boards, which is sections 4944, 4945, Kirby's Digest. This is evidently the act contemplated, as none of the other eminent domain proceedings are "similar cases." This statute authorizes boards of directors of levee districts to appear in the county court and cause a jury of twelve landowners to view and well and truly assess the damages to the landowner. Provision is made for notice, etc. Under the Constitution, an appeal may be taken by the party aggrieved from the judgment of the county court to the circuit court, where there is a trial *de novo*. *Whissen* v. *Furth*, 73 Ark. 366. Art. 12, § 9, of the Constitution forbids the taking of private property by a corporation until full compensation shall be made to the owner in money, or secured by deposit of money, and the compensation, irrespective of benefits, "shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law."

The General Assembly has prescribed by law the method of ascertaining and awarding the compensation when levee boards condemn property for levees, and the question is, does that legislation meet the constitutional requirements?

The Constitution vests in the county court exclusive original jurisdiction in all matters concerning county taxes, roads, bridges, etc., and then this additional jurisdiction: "and in every other case that may be necessary to the internal improvement and local concerns of the respective counties." Const. 1874, art. 7, § 28. Public levees to reclaim overflowed and swamp lands and restrain inundation from the mighty rivers within this State and bordering it are the best types of internal improvement, and are

indisputably within the contemplation of this clause of the Constitution. Therefore it follows that the jurisdiction conferred on the county court in these matters is within the constitutional jurisdiction of that court, and the statutes are not for that reason void.

Condemnation proceedings are not common-law actions, and when they meet the local constitutional requirements, and provide for due notice to the parties affected, they are valid, although they may not provide for a trial in course of the common law. 1 Lewis on Eminent Domain, § § 311-314; *State* ex rel. *Ry. Co.* v. *Rowe,* 69 Ark. 642.

These statutes meet the constitutional requirements of a jury of twelve and due process, and are valid. This being a valid proceeding, can appellee maintain this action while this proceeding is pending? Section 6093, Kirby's Digest, makes this a cause of demurrer to a complaint: "That there is another action pending between the same parties for the same cause." Sec. 6096 provides that where this matter does not appear on the face of the complaint the objection may be taken by answer. The objection was aptly taken by answer in this case, and appellant offered to sustain the allegation of the answer by competent evidence of the other action for the same cause. Therefore the question narrows to whether this action and the one on appeal from the county court were for the same cause. See Bliss on Code Pleading, § 410. This action contains a prayer for punitive damages, but contains no allegations justifying such relief, and therefore that element should have been, as it was, eliminated. This action was technically for a trespass, but the measure of damages was exactly what the measure would be in the condemnation case. The recovery in this case shows nothing recoverable on account of the action being trespass which would not be recoverable in a condemnation proceeding.

The statute of 1893 giving property owners an action against corporations which have taken lands without condemnation, and makes the measure of recovery in such action the same as that governing had the corporation brought action to condemn. Secs. 2903, 2904, Kirby's Digest.

There is a sharp conflict as to whether certain damages to the land outside the levee are recoverable, but there is no differ-

ence in that question, whether presented in the condemnation suit or in this trespass suit.

It is entirely possible for the board by its trespass to incur other damages than those recoverable in a condemnation suit, but none other are shown here, and the evidence of damage was all directed to matters equally recoverable in a condemnation proceeding as in this action.

The appellee insists that the levee board had no authority to take the land without first paying therefor. That is very true; but this wrong of the levee board did not defeat the jurisdiction of the circuit court to hear and determine the appeal from the county court ascertaining the damages for the taking. The appellee had her remedy to restrain the levee district from entering without first paying or depositing the money. She had her remedy to enforce the judgment of the county court, which does not appear to have been superseded in any way; but she did not have the right to ignore a pending suit in which her rights could be ascertained and her wrongs redressed. The Code forbids such unnecessary action, and the courts must enforce this salutary provision.

The court erred in not admitting the evidence of the other suit and its pendency, which should have been admitted, and which barred the further maintenance of this action.

Reversed and remanded.

Mr. Justice WOOD, dissents.