CRAIG *v.* GREENWOOD DISTRICT OF SEBASTIAN COUNTY.

Opinion delivered July 12, 1909.

1. ROADS AND HIGHWAYS—MODE OF ESTABLISHMENT.—A public road may be established by judgment of the county court rendered in accordance with the statute or by voluntary dedication or by prescription. (Page 278.)

2. SAME—COMPENSATION FOR LAND TAKEN.—It is only where a road has been established by judgment of the county court that compensation can be demanded by the owner for the land taken. (Page 279.)

3. SAME—WHEN COUNTY NOT LIABLE FOR LAND TAKEN.—Where a public road running along a river caved in, and the public took possession of plaintiff's adjacent land for use as a road, plaintiff is not entitled

to recover the value of the land so taken from the county, in the absence of an order of the county court establishing a road over his land. (Page 279.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon*, Judge; affirmed.

*Winchester & Martin,* for appellant.

1. Land cannot be taken and used for a public road against the owner's will without remuneration. Const. 1874, art. 2, § § 21, 22; Kirby's Digest, § § 3009, 2901; 45 Ark. 429; 136 U. S. 121.

2. Having appropriated the land for public use without compensation, the county must pay for the land taken as though a road had been established. When the road caved into the river, the county had the right to enter upon land it had not paid for, and is liable under section 3009, Kirby's Digest.

*Wm. A. Falconer,* for appellee.

1. A road must be established as a public highway, (1) by statutory proceedings, or (2) by dedication, or (3) by prescription. There has been no such establishment by statutory proceedings nor by dedication. Anderson's Law Dict. "Dedication;" 13 Cyc. 437; 14 Barb. 511, 521; 1 Boone, Real Prop. 139; 6 Hill (N. Y.) 407, 411; 42 W. Va. 724; 26 S. E. 532. (3) There has been no establishment by prescription, as seven years public use (47 Ark. 436) nor by supervision, or work by overseer, etc. 23 Ark. 553; 21 S. W. 351; 5 So. 622; 52 Ill. 498; 22 *Id.* 414.

2. No appropriation having been made for the road, the county is not liable. Kirby's Dig., § § 1502, 1505; 54 Ark. 645; 34 *Id.* 356; 67 *Id.* 562; 71 *Id.* 135.

3. The county has committed no act which amounts to taking the road. 52 Ill. 498; 21 S. W. 351; 5 So. 622; 11 *Id.* 375.

4. Destruction of the old road by a river and travel of the new does not make a public highway. 58 Cal. 159; 56 Vt. 487; 7 Cush. 410; 48 Am. Rep. 811; 54 Am. Dec. 728; Waterman on Trespass, 91; Cruise, Dig. 89. Travelers are mere trespassers, and the owner has the right to fence up the new road taken.

Elliott on Roads and St., 12, 13, 14; 2 Doug. 757; Broom's Leg. Max. 1.

5. There being no statute making the county liable, a right of action does not arise. 26 Mo. 272; 68 Ark. 160-2; 4 Oh. Dec 130; 26 Ark. 39; 67 Ark. 562; 71 *Id.* 135; 31 *Id.* 266.

McCULLOCH, C. J. Appellant, Sarah Craig, presented to the county court of the Greenwood District of Sebastian County a claim for compensation for land used as a public road. The claim was disallowed by the county court, and she appealed to the circuit court, where a trial before the court resulted in an adverse judgment, and she appealed to this court.

The case was tried on the following agreed statement of facts:

"In the year 19.... the county court of Sebastian County, Greenwood District, pursuant to the requirements of section ........ of Kirby's Digest, established a public road over the lands of Sarah Craig by definite metes and bounds, thirty feet in width, which road ran along the bank of the Arkansas River, in some places perhaps running as close as ten feet to the bank, and in other places perhaps fifty feet from the bank—as close to the bank as was safe for travel. The road so laid out and defined was paid for by the county court according to the damages fixed by the viewers. From time to time after said road was open to travel, the land caved in along the river bank and destroyed the road in various places, and the travel was forced to go onto the lands of the defendant, and this route so traveled also caved in, so that the public travel again made a route over other lands of defendant adjacent to the bank. The travel is now upon the lands of the defendant and along the bank of the river, and the present route has been so traveled some three or four years, except where it has caved in, and the travel has been diverted upon other lands belonging to the petitioner. The cave-ins began during the second year after the road was open for travel. After the several breaks had occurred and the public travel had been diverted upon her land where the breaks had occurred, Sarah Craig filed in the county court of the Greenwood District of Sebastian County a petition setting out the number of acres so used for travel, and asking that she be paid for same by the Greenwood

District.  This petition was not acted upon, and each year thereafter she filed a like petition, none of which were acted upon.

"On the .... day of ....... she filed the petition presented herewith, which recites all the different claims theretofore filed, in which petition she set forth the fact that the road had been destroyed by the river and other lands of hers taken by the public, and prayed (pursuant to section ........ of Kirby's Digest) the appointment of viewers to view out another road, that the county (Greenwood District) pay her for the lands so taken and used, etc.  Viewers were by the court appointed, and they filed their report stating that they had viewed the premises, and that the land was worth thirty-five ($35) dollars per acre.  When the matter came up for hearing before the county court, upon the report of the viewers, it was held by the court, as a matter of law, that the county was not liable to the defendant for the said land, and defendant's claim was not allowed, whereupon she took an appeal.

"It was further agreed that the land of Sarah Craig, over which the road heretofore referred to ran, is situated in Road District ........, and that they lie in Big Creek Township of Sebastian County, which township, under act of April 18, 1905, was made a separate road district.  That the roads in the several townships or road districts are worked or maintained from funds derived from a three-mill road tax levied on the real and personal property in the particular road district in which the said property is located.

"It is further agreed that, after the road as originally laid out along the river bank had caved in, the subsequent routes traveled by the public were traveled without the consent of the county court, as far as any official action was concerned, and with only such knowledge as was contained in Sarah Craig's several petitions asking for pay for the land so used by the public, and that no assurance was ever given to the defendant by any one having a right to bind the county that the county would pay for such roads.

"It is further agreed that no appropriation has been made by the last annual levying court, or any other levying court of said county and district, for the purpose of paying for or establishing a new road on defendant's land.  That the evidence does

not show whether or not any road overseer has worked the road now used by the public over defendant's land, but that the public has continuously used this route since the road was established in 19...., though it is agreed that the county court never ordered the said road, as now traveled, worked, nor that it had ever needed any work.

"It is further agreed that by a vote of the last general election, September, 1906, the road tax was put into effect in the Greenwood District of Sebastian County, and the quorum court of said county levied a three-mill tax. That there are twenty-one (21) road districts in the Greenwood District of Sebastian County, each one of which has a road overseer, and each one of which is elected as other township officers are elected, and that the county court has no control over said overseer, and that the funds of each particular road district are separate from all others, and the county court or quorum court has no jurisdiction over same.

"And this was all the testimony introduced by either side."

A public road may be established by judgment of the county court rendered in accordance with the statute or by voluntary dedication or by prescription. It is only when the road is established in the first mode that compensation can be demanded by the owner for land taken. The county cannot be made responsible for the value of land used as a public highway except after judgment of the county court establishing the road. There is no warrant in the statute for liability of the county to be incurred in any other manner, and in the absence of a statute no liability can be imposed. *Granger* v. *Pulaski County,* 26 Ark. 39; *Arkansas County* v. *Freeman,* 31 Ark. 266; *Nevada County* v. *Dickey,* 68 Ark. 160.

Appellant cites the following statute as justification for her claim: "When any county road may be injured or destroyed by the washing of any lake, river or creek, it shall be the duty of the overseer or overseers of the road district or districts in which such injury or destruction may occur to immediately notify the county court in writing of the nature and extent of such injury; and, if said court shall be satisfied that such road has been injured or destroyed to such an extent as to inconvenience the traveling public, the court shall appoint three viewers, who

may, if in their judgment it is necessary, take with them a competent surveyor, and proceed to view and survey a new road upon such ground as will accommodate the traveling public. Such viewers shall determine the compensation to be allowed the owners of the property sought to be appropriated at its true value, and the damages occasioned by such new road, and shall make a report of their doings in the manner pointed out in this act as the duties of viewers of new roads. Appeals may be taken from the appointment and orders of said court, and from the assessment allowed by the viewers as a jury to the owner or owners of property, in the manner provided by this act, within the time allowed by law, after the first regular term of the court thereafter held. The appointment of viewers and order of said court herein provided shall be recorded in the records of the court. The court shall be governed in the reception, approving and recording of said report of viewers in all respects as is prescribed in the case of new roads, except no notice of the destruction or injury to the road shall be required, except as required by this section. All costs, damages and expenses arising under the provisions of this section shall be paid out of the county treasury." Kirby's Digest, § 3009.

But it is sufficient answer to the contention to say that the county court declined to establish a new route for the road over appellant's land. The basis of her claim is, not that the county court established a road over her land and refused compensation, but that the public used her land for a roadway, and she demands compensation for the taking of it in that way. The public had no legal right to take and use her land for a roadway without her consent (except, perhaps, temporarily until the destruction of the road could become known to the traveling public), and such unauthorized use by the public cannot become the basis of a claim against the county for compensation. Appellant must seek some other remedy. The Constitution of the State wisely leaves it to the county court to determine when and where public roads shall be established and, when once established, what alterations thereof shall be made. Expense of care of public highways cannot be forced upon a county, nor can compensation for land taken for such purposes be demanded of a county without the concurring judgment of the county court es-

tablishing the road. *Road Improvement Dist.* v. *Glover,* 89 Ark. 513.

Affirmed.

HART, J., dissenting.