## *Ex parte* HELMERT.

### Opinion delivered May 20, 1912.

1. DIVORCE—JURISDICTION OF EQUITY.—In divorce cases the court of equity must look to and be governed by the statute, and can not exercise inherent chancery powers not provided by the statute. (Page 573.)

2 SAME—POWERS OF CHANCELLOR IN VACATION.—A chancellor in vacation has no power in a divorce suit to make an order granting temporary alimony or to make an order that the defendant should make a bond, either for his appearance at court or for the payment of temporary alimony allowed by the chancellor in vacation. (Page 573.)

Certiorari to Crawford Chancery Court; *J. V. Bourland,* Chancellor; order quashed and petitioner discharged.

*Sam R. Chew,* for petitioner.

HART, J. On the 13th day of May, 1912, Willie Helmert filed a petition in this court alleging a state of facts substantially as follows:

That on the 28th day of March, 1912, Mamie Helmert instituted a suit for divorce in the Franklin Chancery Court for the Ozark District against her husband, Willie Helmert, and on the same day the chancellor in vacation made the following order:

"On this day is presented the complaint duly verified, and on motion defendant was attached by writ, which the clerk is ordered to issue, and the sheriff will hold defendant till the next July term in default of bond in the sum of $250, conditioned to pay the plaintiff the sum of $20 per month cost, and $50 attorney fee. This order to be enforced as to alimony

until further ordered, and if defendant fail to make either of said bonds the sheriff will report his action at once.

(Signed)                    "J. V. Bourland, Chancellor."

Pursuant to the order the clerk of the court issued the following order of attachment:

"Mamie Helmert

      v.

"Willie Helmert

"To the Sheriff of Franklin County, Greeting:

"You are commanded to attach the person of Willie Helmert, the defendant herein, and him safely keep to the end that he may be and appear at the July, 1912, term of said court, there to answer the complaint of the plaintiff, Mamie Helmert; also that said defendant shall comply with the orders of the court herein touching alimony, court cost and attorney's fees. He may be admitted to bail in the sum of $250 for the use and benefit of said plaintiff, conditioned that he must comply with the orders of said court as above set forth.  Of this summons you will make due return on the 1st day of the next July term of said court.

"Witness my hand and seal of this court on this the 29th day of March, 1912.

                              "W. I. Agee, Clerk."

The order was served upon Willie Helmert by the sheriff of Franklin County, and upon the said Helmert failing to give either of the bonds prescribed by the chancellor the sheriff arrested the said Helmert and confined him in the county jail of Franklin County.

In his petition he set out the facts stated above and asked for a writ of habeas corpus.  The sheriff appeared and stated that he held the petitioner on an order issued by the chancellor in vacation as above stated.  Upon a hearing before the chancellor, he refused to issue a writ of habeas corpus, and dismissed the petition.  The effect of the complaint filed herein is that the proceedings before the chancellor be reviewed by this court, and that a writ of habeas corpus be issued as prayed for in his first petition, and that he be discharged from the custody of the sheriff.  All of the parties have entered their appearance in this court, and the issuance of the writ of certiorari has been waived; and the proceedings had before the chancellor have

been certified to this court from which it appears that the allegations of the relator in both petitions, so far as they are stated in this petition, are true.

Matters pertaining to divorce and alimony were originally of ecclesiastical cognizance, but in this country they have always been regulated by statute, and the courts generally have looked to the statutes as the source of their power. *Bowman* v. *Worthington*, 24 Ark. 522; *Cizek* v. *Cizek*, 69 Neb. 797 (5 Am. & Eng. Ann. Cas. 464); *Barker* v. *Dayton*, 28 Wis. 367; 1 Bishop on Mar. & Div., § 1400; 14 Cyc. 581-2; 1 Pomeroy, Eq. Jur., § § 98, 112, 171; 3 Pomeroy, Eq. Jur., § § 1120-1299.

In the case of *Bowman* v. *Worthington*, *supra*, the court said: "The circuit courts of this State, sitting as courts of chancery, have jurisdiction of all cases of divorce and alimony by virtue of the statute. The court, in cases of this kind, must look to and be governed by the statute; it has no other powers than those expressly conferred, and, while it may sit as a court of chancery, it is not to be understood as exercising inherent chancery powers, but as a court limited and guided by express statutory provisions, over a subject-matter never belonging to chancery jurisdiction. It is then the circuit court, invested expressly by statute with authority to investigate and try cases of this kind by rules of proceedings adopted and practiced by courts of chancery." .

In *Wood* v. *Wood*, 54 Ark. 172, the case of *Bowman* v. *Worthington*, *supra*, was modified to the extent that the court held that an independent action for alimony would lie in this State, but the modification was based on account of the peculiar language of the writ relative to divorce and alimony, but in no sense impairs the opinion of this earlier case to the effect that in all matters relating to divorce and alimony the jurisdiction of the court is derived from the statute. In the absence of a statute conferring it, the chancellor in vacation has no power to make an order allowing alimony.

The word "court" has a well-defined and fixed meaning in law; and when the Legislature uses it without defining or qualifying it, it must be supposed to have used it with that meaning, and not intended it to mean judge or chancellor. While the question at issue has not been directly passed upon

by the court, the view we have expressed is in accord with our previous decisions on temporary alimony.

In the case of *Hecht* v. *Hecht*, 28 Ark. 92, the court said that the order granting alimony *pendente lite* is a definitive judgment, from which the party aggrieved can have no relief by the final decree, even though it should appear that injustice had been done him, and held that an appeal will lie to this court from an order allowing temporary alimony. See *Plant* v. *Plant*, 63 Ark. 128; *Fountain* v. *Fountain*, 80 Ark. 481.

It follows that, under our statutes pertaining to divorce and alimony, the chancellor in vacation had no power to make an order granting temporary alimony, and was without jurisdiction to make an order providing that the defendant in a divorce action should make a bond, either for his appearance at court or for the payment of temporary alimony allowed by the chancellor in vacation.

The sheriff of Franklin County, against whom the writ of habeas corpus was asked in the first instance, is represented here, and will take cognizance of the order made here, which is that the order of the chancellor made in vacation be quashed and the petitioner be discharged.