CITY OF EL DORADO *v.* UNION COUNTY.

Opinion delivered January 31, 1916.

1. ROAD TAX—RIGHT OF MUNICIPAL CORPORATION.—Act 230, Acts 1913, providing for a division of the road funds paid by taxpayers within the corporate limits of a certain city, has reference to the road funds levied and collected under Amendment No. 5 to the Constitution of 1874, which authorizes the county court, when sitting as a levying court, to levy a road tax of not exceeding three mills on the dollar, when a majority of the qualified electors of the counties shall have voted therefor; said act has no reference to the optional road tax provided for by Kirby's Digest, § 7280.

2. REVENUE—TAXES FOR ROAD PURPOSES.—All taxes levied for general revenue purposes under article 16, section 9, of the Constitution, and the optional road tax as a part of such general revenue funds, levied and apportioned under the provisions of Kirby's Digest, § 7280, must be expended under the supervision of the county courts.

3. REVENUE—TAXES—JURISDICTION OF COUNTY COURT.—Article 7, section 28, of the Constitution vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc.

4. REVENUE—EXPENDITURE OF TAXES—JURISDICTION OF COUNTY COURT.—The Legislature has no power to vest any tribunal, other than the county court, with jurisdiction over the expenditure of the funds raised under the general revenue clause of the Constitution (Art. 16, section 9, Const. 1874).

Appeal from Union Circuit Court; *C. W. Smith,* Judge; affirmed.

*Geo. M. LeCroy,* for appellant.

The appellant, city, is entitled to one-half of the optional road tax collected within its limits under section 1, Act No. 230, Acts 1913. The statute is plain and the term "one-half (½) of road funds of *every* kind, means what it says." 92 Ark. 98; Cooley, Const. Lim. (7 ed.) 126, 236, 242; Kirby's Dig., § § 2922, 3016; 7223-7358, 7280; Art. 16, § 9 Const. The Legislature has full control over highways, streets and roads. 76 Ark. 25; 103 *Id.* 532. Also over appropriations. 107 Ark. 292. The judgment is contrary to law. Cases *supra.*

*R. G. Harper,* for appellee.

The city is not entitled to one-half the optional road tax. Art. 16, § 9 Const.; Kirby's Dig., § 7280; Art. 7, § 28 Const.; Act 230, Acts 1913; 92 Ark. 98. The county court has exclusive jurisdiction and the Legislature can not deprive it of its constitutional jurisdiction. The cases cited by appellant involved different acts of the Legislature and do not apply. 103 Ark. 532; Act 351, Acts 1911. By amendment No. 5, Const., this tax is known as the county road tax, and the Act of 1899 refers to same as a public road tax. The act conflicts with Art. 7, § 28, if it attempts to give cities one-half of this optional road tax.

WOOD, J. Act No. 230 of the Acts of 1913 is entitled: "An Act to provide for a division of the road funds paid by tax-payers within the corporate limits of the city of El Dorado, in Union County." Section 1 of the act reads:

"That the county court of Union County, Arkansas, shall, at the term held at which the collector of Union County makes his annual settlement, apportion one-half of the road funds of every kind collected within the corporate limits of El Dorado, in Union County, Arkansas, to be used by its authorities on and in working and improving the streets, bridges and culverts of said city. This act shall apply to the road taxes collected for the year of 1912 and each year thereafter."

Section 2 provides that the collector shall pay into the city treasury of El Dorado the said funds so apportioned.

Section 3 repeals all laws in conflict.

The agreed statement of facts shows that at the October term, 1912, of the Union County court, the same being a regular meeting of the levying court of that county, there was duly and legally levied for county general purposes a tax of four and one-fourth mills and also three-fourths of a mill, an optional road tax, for the purpose of building and maintaining roads and bridges in Union County, under the provision of Section 7280 of Kirby's Digest. The levying court also levied the regular three mill road tax, which had been voted under Amendment No. 5 to the Constitution. The appellant petitioned for one-half of the three-fourths mill optional road tax, levied under the provisions of section 7280 of Kirby's Digest, *supra.* The lower court refused its petition, finding that, of the five mill tax levied for county general purposes, three-fourths of a mill was levied and appropriated by the levying court and expended for building and maintaining roads and bridges under proper orders of the county court; that the levy and appropriation was made prior to the passage of Act No. 230 of the Legislature; that the county court at the time of the levy and expenditure of the three-fourths of a mill optional road tax, acted within the terms and provisions of the law then in force and dismissed the petition, from which appellant has duly prosecuted this appeal.

Amendment No. 5 of the Constitution, adopted on January 13, 1899, authorized the county court, when sitting as a levying court, to levy a road tax of not exceeding three mills on the dollar when a majority of the qualified electors of the counties shall have voted therefor.

(1-4)    Act 230 has reference to the road funds levied and collected under Amendment No. 5 of the Constitution. It has no reference whatever to the optional road tax provided for by section 7280 of Kirby's Digest, *supra,* which is levied and collected solely as a part of the general revenue under the authority of article 16, section 9 of the Con-

stitution. All taxes levied for general revenue purposes under article 16, section 9 of the Constitution, *supra,* and the optional road tax as a part of such general revenue funds, levied and appropriated under the provisions of section 7280 of Kirby's Digest, must be expended under the supervision of the county courts. Article 7, section 28 of the Constitution, vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc. And under these provisions of the Constitution, the Legislature would have no power to vest any other tribunal with jurisdiction over the expenditure of the funds raised under (article 16, section 9, *supra*) the general revenue clause of the Constitution.

If the act under review, therefore, applied to the optional road tax which is levied and appropriated as a part of the general revenue, it would be in violation of the above section of the Constitution, giving to the county courts exclusive original jurisdiction over all matters relating to county taxes, roads, bridges, etc. For it will be observed that this act confers power upon the municipal authorities of the city of El Dorado to use the road funds mentioned therein "in working and improving the streets and culverts of said city." It also provides that the collector shall pay the fund apportioned by the county court, for the use of the city, into the city treasury of El Dorado. The whole act shows that it was the purpose of the Legislature to give to the authorities of the city exclusive control over the one-half of the road funds apportioned to the city. Construed as applying only to the road tax raised under the provisions of Amendment No. 5 to the Constitution, the act under consideration is a valid law. For in *Texarkana* v. *Edwards,* 76 Ark. 22-24, we said, speaking of Amendment No. 5 to the Constitution, "We see nothing in the amendment to the Constitution which authorizes the collection of a county road tax that prevents such an equitable distribution of the fund," and in *Sanderson* v. *Texarkana,* 103 Ark. 529-535, we said:

"The Amendment (No. 5) does not specify to what jurisdiction the road tax, when collected, shall be confided.

It simply provides that the tax when collected, shall be expended upon the roads and bridges in the county. The streets of the city are public roads, within the county, and the part of the road tax apportioned by the above act of the Legislature to the city of Texarkana was collected from property situated within the limits of that city, and, by that act, such portion of said tax apportioned to the city is directed to be expended upon its streets. The fund is, therefore, by the act directed to be expended for the very purpose named in said amendment to the Constitution. In the absence of any constitutional inhibition, the Legislature has full power, not only to apportion said road tax between the county and the municipality, as was directly held in the case of *Texarkana* v. *Edwards, supra,* but also, as therein suggested, it has the power to direct whether the municipal council or the county court shall be the agency which shall have the jurisdiction and the right to expend the portion of the fund apportioned to the city, when collected, upon the streets of such municipality.''

The court, in *Sanderson* v. *Texarkana, supra,* had under review ''an act to grant to the city of Texarkana, Miller County, for use on the streets of said city, three-fifths of the road tax collected on property within the corporate limits of said city and for other purposes.'' The road tax referred to in the act was raised under the authority of Amendment No. 5 to the Constitution and it was sought to enjoin the sheriff and collector of Miller County from paying into the county treasury three-fifths of the road tax collected for the year 1910 from the property situated within the corporate limits of the city of Texarkana and to compel him to pay same into the treasury of that city. One of the contentions of the collector was that the act was unconstitutional, because it took away the jurisdiction of the county court over the expenditure of the fund and was in conflict with article 7, section 28 of the Constitution; and we held that in the constitutional amendment, under which the tax was raised, no provision was made as to ''what governmental agency shall receive or disburse the funds collected from such tax.'' And that

in the absence of the constitutional inhibition the Legislature might confer on any governmental agency it saw fit, the power of supervision and control of streets.

The appellant invokes the above decision as authority for its contention that it is entitled to one-half of the optional road tax, but as we have seen the optional road tax was raised under the general revenue clause of the Constitution (article 16, section 9), and not under Amendment No. 5, hence *Sanderson* v. *Texarkana* has no application further than to show that the act under consideration was a valid law.

It follows that the findings and judgment of the circuit court were correct and the judgment is affirmed.

KIRBY, J., dissenting.