HILGER v. J. R. WATKINS MEDICAL COMPANY.

Opinion delivered July 7, 1919.

1. JUDGMENTS—AUTHORITY OF COURT TO RENDER IN VACATION.—A circuit judge is without authority to render a judgment in ordinary proceedings in vacation.

2. CERTIORARI—DATE OF RENDITION OF JUDGMENT.—On *certiorari,* where the face of the record shows that the judgment was rendered in vacation, this court will look only to the face of the record, and will not hear a contention that the judgment was actually rendered at a regular term.

3. CERTIORARI—REMEDY OF—JUDGMENT RENDERED IN VACATION.—This court, in its superintending control over inferior courts, will issue writs of certiorari to quash judgments rendered by circuit judges or chancellors without authority in vacation.

Certiorari to Cleburne Circuit Court; *J. M. Shinn*, Judge; judgment quashed.

*W. R. Casey, M. E. Vinson* and *Troy Pace*, for petitioner.

The judgment was void because it was rendered in vacation. Art. 7, § 12, Const.; 71 Ark. 226; 75 *Id.* 415-20; 89 *Id.* 85; 202 S. W. 33; 208 *Id.* 428-30; 103 *Id.* 571; 116 Ark. 310-14.

HUMPHREYS, J.   A. N. Hilger filed a petition for writ of *certiorari* in this court to bring up the proceedings of the Cleburne Circuit Court in the case of *The J. R. Watkins Medical Company, Plaintiff* v. *E. L. Gentry, J. E. Dugger and A. N. Hilger, Defendants,* alleging that a judgment was entered against him in said cause in the sum of $909.63, in vacation, without authority of law; that, at the time said judgment was entered, he was absent from the United States, in the United States' military service, and that he had a meritorious defense to the action, in that the obligation, upon which judgment was rendered, was changed in a material part after the execution thereof, without his consent.

A writ was ordered directing the circuit clerk of Cleburne County to certify to this court a transcript of the proceedings of the circuit court in said cause.

The substance of the proceedings certified by the clerk, in response to the writ, consists:

*First.*   Of an order made by the circuit court on March 7, 1919, which was a day of its regular spring, 1919, term, taking the above entitled cause under advisement and giving petitioner, A. N. Hilger, sixty days within which to take and present depositions and a brief to the judge of said court in vacation.

*Second.*   The adjournment of the court on March 7, 1919, until court in course; and,

*Third.* An entry on May 16, 1919, in vacation, of a judgment in favor of the J. R. Watkins Medical Company against A. N. Hilger, for $909.63, with six per cent. interest thereon from March 1, 1917, until payment of the judgment, with direction by the judge that the judgment be entered as of date March 7, 1919. The judgment recited that the cause was submitted upon the pleadings and depositions of the plaintiff with permission to A. N. Hilger to take and present depositions and brief in vacation to the judge within sixty days, who should then render judgment as of date March 7, 1919; and that the said A. N. Hilger failed to present the depositions and brief within the allotted time.

(1) The petitioner insists that the judgment is a nullity, because rendered in vacation. A circuit judge is without authority to render a judgment in ordinary proceedings in vacation. *Biffle* v. *Jackson*, 71 Ark. 226; *Boynton* v. *Ashabranner*, 75 Ark. 415; *Poole* v. *Oliver*, 89 Ark. 85; *Mell* v. *State*, 133 Ark. 197; *State ex rel. Hall et al.* v. *Canal Construction Co.*, 134 Ark. 447; *Diffie* v. *Anderson*, 137 Ark. 151.

(2) The respondent, The J. R. Watkins Medical Company, insists, however, that the judgment was actually rendered on the 7th day of March, 1919, at the regular spring term of the Cleburne Circuit Court. This contention cannot avail in a proceeding on *certiorari* to this court. It could only avail respondent in a proceeding to correct the judgment by *nunc pro tunc* order in the circuit court at regular term time, which remedy is not affected or precluded by this proceeding. On *certiorari*, this court can only look to the face of the record. The record shows that the judgment was rendered in vacation.

(3) It is also insisted by respondent that *certiorari* is not the proper remedy in this case. It is true that the writ of *certiorari* cannot be used as a substitute for an appeal, nor to correct mere errors in the exercise of the jurisdiction of inferior courts; and also true that it is a discretionary writ, but the Supreme Court, in its super-

intending control over inferior courts, will issue writs of *certiorari* to quash judgments rendered by circuit judges or chancellors without authority, in vacation. *Ex parte Helmert,* 103 Ark. 571; *Bowden* v. *Webb,* 116 Ark. 310.

It appearing from the face of the judgment herein that it was rendered in vacation and therefore void, it will be quashed.