ROAD DISTRICT No. 6 OF LAWRENCE COUNTY v. HALL.

Opinion delivered October 20, 1919.

1. CONSTITUTIONAL LIMITATIONS—TAKING PRIVATE PROPERTY FOR PUBLIC USE—IMPROVEMENT DISTRICT—ROAD.—In the absence of any special constitutional provision prescribing how compensation shall be ascertained, there is no limitation on the Legislature, except the provision that no man shall be deprived of his property except by due process of law; the Legislature may provide such a mode as it sees fit for ascertaining the compensation, provided only that the tribunal is an impartial one, and that the parties interested have an opportunity to be heard.

2. SAME—SAME—JURISDICTION OF COUNTY COURT.—Art. 7, § 28, of the Constitution refers to the laying out and vacating of public roads, and the division of the county into convenient road districts.

3. SAME—SAME—CONDEMNATION—ROAD DISTRICT—JURISDICTION OF CIRCUIT COURT.—Under act 338, page 1400, Acts 1915, the circuit court has jurisdiction in condemnation proceedings.

4. Roads and road districts—taking of private land—compensation.—Under act 338 of 1915, compensation is provided to a landowner for lands taken or damaged in the construction of the improvement. Section 12 of the act provides that compensation may be either paid out of the funds of the district or by reduction of benefits in proportion to the amount of damages sustained. Where the lands were not taken or damaged at the time assessments were made, compensation must be paid to landowners out of the funds of the district.

5. Pleading and practice—trial—amendment to pleadings.—In an action to condemn lands, by a road district, where five separate actions were combined in one proceeding, it is proper for the court to refuse to permit plaintiff to amend its complaints on motion after the defendants had concluded their testimony, in the absence of a showing of diligence by the plaintiff.

6. Roads and road districts — condemnation — compensation — election of remedy.—A road district was organized under act No. 338 of 1919, and after the assessment of benefits was made the commissioners changed the route, and brought actions against the owners whose lands were taken, to condemn the lands. The commissioners thereafter attempted to dismiss these actions, but, upon objection of the land owners, the circuit court declined to permit the dismissal. *Held*, under section 12, act 338 of 1915, and section 37, Act 422 of 1911, the circuit court properly refused to permit the dismissal.

Appeal from Lawrence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Ponder & Gibson,* for appellant.

1. The circuit court had no jurisdiction to try the issues, as the county court had exclusive jurisdiction under our Constitution to ascertain the compensation due the land owners. Act 338, Acts 1915, page 1400; 134 Ark. 121; art. 7, § 28.

2. Road districts are not liable for damages in the manner as held by the court below. 110 Ark. 416; 58 Miss. 197; 94 Ark. 380; 121 Col. 96; 53 Pac. 401; 36 N. W. 267; 14 Cyc. 1057; 118 Ark. 1.

3. There was no assessment of damages at the time the assessment of benefits was made, and, defendants not having appealed, the judgment confirming the assessment

is binding, and it is now too late to attack the assessment collaterally.　212 S. W. 334.

4.　The acts complained of were all the acts of Newman B. Gregory, an independent contractor, for which he alone was liable, and not the commissioners nor the district.　53 Ark. 503; 54 *Id.* 424; 118 *Id.* 561.

5.　The damages should have been confined to such damages as existed at the time of the trial and not those *in futuro* or speculative.　54 Ark. 140.　Plaintiffs should have been permitted to amend their complaint as to Donie Hall and Mrs. Lee Coffman, setting up that they owned a life estate and not the fee, nor was the district liable for damages except those specifically growing out of the widening of the right-of-way and those accorded at the time of trial the value of the land taken only. *Supra.*

*Smith & Gibson* and *Sloan & Sloan,* for appellees.

1.　The road district was liable for all damages caused by the improvement.　110 Ark. 416-420; 118 *Id.* 1-3; Kirby & Castle's Digest, § 1917; Act March 30, 1915, page 1400, § 12; K. & C. Digest, § 9158.

2.　The right to recover damages is not *res adjudicata.*　212 S. W. 334.

3.　The Alexander and Turner acts do not have identical provisions.　K. & C. Digest, § 5844; *Ib.,* § § 9117-18; 33 Ark. 575.

4.　This suit in the circuit court to condemn was instituted in pursuance of the statute upon demand made for trial by jury.　At the time the assessment of benefits was made the widening of the road had not been done nor contemplated, and the defense of *res adjudicata* was not pleaded nor proved.　134 Ark. 121; 203 S. W. 260.

5.　The court did not err in refusing to permit appellant to amend its petition as to Donie Hall and Mrs. Lee Coffman.　70 Ark. 423, 426; 12 Enc. of Ev. 604; 106 Ark. 14.

6.　Refusal to permit a witness to answer certain questions will not be prejudicial if it does not appear

what his answer would have been.    87 Ark. 52; 92 *Id.* 509; 96 *Id.* 190; 97 *Id.* 564; 88 *Id.* 562; 108 *Id.* 500; 123 *Id.* 548. Appellant merely offered to amend but did not ask leave to amend.    32 Ark. 244.

7.    The acts complained of were not those of an independent contractor.    The hirer is responsible to the district here.    14 R. C. L., p. 86, § 23.

8.    The circuit court had jurisdiction to try the issues as to amount of damages.    K. & C. Dig., § § 9127-9158. The statute is constitutional.    93 Ark. 612; 27 *Id.* 292; 25 *Id.* 246; 102 *Id.* 166; 77 *Id.* 250; 66 *Id.* 466; 114 *Id.* 156; 100 *Id.* 175; 86 *Id.* 231; *Ib.* 412; 122 Ark. 291.

Under the act the county court made the order changing the road.    134 Ark. 121.    There was no error as to damages from change of road.    98 Ark. 206; 71 *Id.* 152; Lewis on Em. Dom. (3 Ed.), § 348; 98 Ark. 206.

9.    The entry was made under the orders of both the circuit and county courts.

10.    Damages were properly allowed for lands only actually taken.    44 Ark. 258, 262.

### STATEMENT OF FACTS.

Road Improvement District No. 6 of Lawrence County, Arkansas, was duly organized under Act 338 of the Acts of 1915, for the purpose of improving certain public roads located in the Eastern District of Lawrence County, and W. J. Robinson, John K. Gibson, and J. E. McCall, were appointed commissioners for the construction of said improvement.    They were duly qualified and commenced the construction of the improvement.    They instituted proceedings in the circuit court against Mrs. Donie Hall, a landowner in the proposed district, to condemn certain lands belonging to her and situated in the district, for use in making the proposed improvement. A preliminary deposit was made by them.    Similar proceedings were filed against other landowners in the district, viz.: Clay Sloan, Frank Stewart, Mary C. and S. W. Stewart, and Mrs. Lee Coffman.    Preliminary deposits were also filed in each of these cases.

Before the circuit court convened, the commissioners of the district caused each of the proceedings to be dismissed and the deposits of money to be restored to them. At the next term of the circuit court, Mrs. Donie Hall, and the other landowners named above made a motion to have the proceedings reinstated in the circuit court and that the preliminary deposits be again made. The motion was granted and the proceedings were reinstated. The cases were consolidated for the purpose of trial and tried before a jury. The jury returned the following verdict: "We, the jury, assess damages to the defendants as follows: Clay Sloan, $140; Frank Stewart, $500; Mary C. and S. W. Stewart, $500; Mrs. Dona Hall, $100; Mrs. Lee Coffman, $100. G. R. Statler, Foreman."

Judgment was rendered upon the verdict and the commissioners have duly appealed to this court.

HART, J., (after stating the facts). It is first contended that the circuit court had no jurisdiction and that the county court, under our Constitution, had exclusive jurisdiction to ascertain the compensation due the landowners. The district was organized under an act providing for the creation and establishment of road improvement districts for the purpose of building, constructing, and maintaining the highways of the State of Arkansas. Acts of 1915, p. 1400.

Section 16 provides for alteration or change in the plans or specifications, or the route of the road to be constructed at any time before the improvements are made, and also provides the manner in which such changes shall be made.

Section 36 provides that it shall be the duty of the board and the county court in changing the route of any road to enter upon and lay out said roads over any lands in the improvement district in accordance with the provisions of act 422 of the Acts of 1911, amending section 7328 of Kirby's Digest.

Section 37 reads as follows: "If any owner of real property in said district demands the assessment of dam-

ages to his property by reason of the improvement by a jury, the Board of Commissioners shall institute an action in the circuit court for the condemnation of said lands, which action shall be in accordance with the proceedings for the condemnation of the rights-of-way for railways, telegraph and telephone companies with the right of paying into the court a sum to be fixed by the court, and then proceeding with work before the assessment of said damages by a jury. Where there is more than one claimant for damages, such actions shall be consolidated if practicable, and one jury shall assess the damages accruing to all.''

(1) The land involved in this suit was taken pursuant to the provisions of this act. The commissioners found that it was necessary to widen the road at certain points and at others to borrow earth from lands adjacent to the road for the purpose of constructing the improvement. They instituted condemnation proceedings in the circuit court under section 37 for the purpose of condemning the land necessary to be taken. It may be stated at the outset that, in the absence of any special constitutional provision prescribing how compensation shall be ascertained, there is no limitation on the Legislature, except the provision that no man shall be deprived of his property except by due process of law. The Legislature may provide such a mode as it sees fit for ascertaining the compensation, provided only that the tribunal is an impartial one and that the parties interested have an opportunity to be heard. Lewis, Eminent Domain (3 Ed.), par. 511 (313), and 10 R. C. L., p. 223, sec. 190. In the exercise of this power sometimes the Legislature provides a summary method of condemning property as being more expeditious and to the best interest of all parties concerned, and at others it provides for the compensation to be made by a court exercising general jurisdiction and according to the course of the common law, as being better for the landowner and as, also, in the interest of the public for whose benefit the land is taken or damaged.

(2)   But counsel for the appellants contend that exclusive jurisdiction is conferred upon the county court to ascertain the compensation due the landowners in the case of the construction of roads.   They rely upon section 28 of article 7 of the Constitution of 1874, which provides, in substance, that the county courts shall have exclusive original jurisdiction in all matters relating to roads, bridges, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties.   Such has not been the construction placed upon that clause of the Constitution by the decisions of this court.   It has been uniformly construed to refer to the laying out and vacating of public roads and the division of the county into convenient road districts. All of our decisions bearing on the subject show that that clause of the Constitution has never been construed as conferring upon the county courts exclusive jurisdiction in condemnation proceedings relating to public roads, bridges, or for the internal improvement of the respective counties.   To illustrate:   Levees and drainage districts within a county have uniformly been held to be types of internal improvements.

In the case of *Board of Directors of St. Francis Levee District* v. *Redditt,* 79 Ark. 154, the court upheld a statute which authorized a board of directors of a levee district to condemn lands for the purpose of constructing the levee and to appear in the county court and cause a jury of twelve land owners to assess the damages to the land owners.   Provision was made under the statute for notice to the land owners.

In *Board of Directors St. Francis Levee District* v. *Powell,* 89 Ark. 570, the land owner was permitted to recover in a suit brought by himself in the circuit court for lands taken outside of the right-of-way granted by the plaintiff and used by the levee district in the construction of the levee.

In *Drainage District No.* 11 v. *Stacey,* 127 Ark. 549, the land of the plaintiff was taken by a drainage district and used in constructing the drainage ditch and the plain-

tiff was allowed to recover in a suit brought by himself for that purpose in the circuit court.

In *Board of Directors of St. Francis Levee District* v. *Barton,* 92 Ark. 406, an action in the circuit court was instituted by a land owner against the board of directors of the levee district to recover damages for permanent injuries to his land by the construction of the levee. The right to maintain the action was recognized, but relief was denied because the action was barred.

(3)  In the case of *Fort Smith & Van Buren Dist.* v. *Scott,* 103 Ark. 405, there was a proceeding to condemn land for a site for a free bridge authorized to be constructed by a special act of the Legislature of 1909, Acts of 1909, page 325. By the terms of the act lands necessary for the improvement were authorized to be condemned in the same manner as lands for railroad purposes and right-of-ways are condemned by railroad companies. The statute in the present case also authorizes that the condemnation of lands shall be in accordance with proceedings for the condemnation for the right-of-way of a railroad company. In that case, as in the case at bar, there was a proceeding by the board of directors to condemn land to be used in constructing the bridge. The proceeding was instituted in the circuit court as was done in the present case pursuant to the terms of the act. The validity of the statute was upheld, and although there was no discussion of the precise issue, the opinion proceeds upon the theory that the control of the Legislature over the mode of condemnation is not restricted under our Constitution. It will be noted that the section of the Constitution referred to mentions bridges in express terms as well as roads. It follows that the circuit court did not err in holding that it had jurisdiction in the condemnation proceedings under the statute.

(4)  It is next insisted that the road district was not liable for the damages sustained by the land owners. Counsel rely upon the case of *Wood* v. *Drainage Dist. No. 2,* 110 Ark. 416, and *Timothy J. Foohey Dredging Co.* v. *Mabin,* 118 Ark., p. 1. We do not think these cases sus-

tain the contention of counsel for appellants. In those cases it was held that the drainage districts were not liable for damages which resulted to the land owner from faulty or improper construction of the improvement by independent contractors. They recognized, however, that under section 22, article 2 of our Constitution which provides that private property shall not be taken, appropriated, or damaged for public use without just compensation therefor, drainage and other improvement districts could be made liable for land taken or damaged in the proper construction of the improvement. Section 12 of the act under consideration provides that damages accruing to any owner of real property may be paid out of the funds of the district, or by a reduction in the assessment of benefits in proportion to the amount of the damages sustained by reason of right-of-way taken or other damages sustained. Under this section of the statute compensation is provided to the land owner for lands taken or damaged in the construction of the improvement. It is true that the section provides that the damages may be either paid out of the funds of the district or by reduction of benefits in proportion to the amount of damages sustained. In the present case the land in question had not been taken or damaged at the time the assessors made the assessment of benefits. Consequently, the damage to the land could not have been taken into consideration by the assessors in assessing the benefits, and it necessarily follows that the compensation must be paid to the land owners out of the funds of the district. The case of *Dickerson v. Tri-County Drainage Dist.,* 138 Ark. 471, has no application under the facts of the case at bar. The statute considered in that case was essentially different from the one in the present case. There the statute provided in express terms that the commissioners should assess all damages that would accrue to any land owner by reason of the proposed improvement, including all the injuries to land taken or damaged, and where they made no return of such assessment of damages as to any tract of land, it should be

deemed a finding by them that no damage was sustained. Here, as above stated, the statute, provides that the damages may be paid out of the funds of the district, or by a reduction in the assessment of benefits. Moreover, in that case the land was taken before there was any assessment of benefits made. In the case at bar the land was taken after the assessment of benefits had been made and pursuant to a section of the statute which gave the commissioners and the county court the right to change or alter the width of the road. The road was widened and the land in question was taken for that purpose. It was used in the construction of the road and the road district was liable for the damages sustained by the land owner by reason of such taking, and under the statute the damages should be paid out of the funds of the district.

(5) It is next insisted that the court erred in refusing to allow the plaintiffs to amend their complaint so as to allege that Mrs. Donie Hall and Mrs. Lee Coffman only owned a life estate in the lands mentioned in the complaint and in not allowing them to prove this fact to the jury. The plaintiffs filed five separate condemnation proceedings against the land owners, and these cases were consolidated for the purpose of trial. The amendment to the complaint was not offered until after all the witnesses for the defendants had testified. No reason is shown by the plaintiffs why they did not allege in the first instance that Mrs. Donie Hall and Mrs. Lee Coffman were only life tenants, if such were the fact. The taking of the testimony in the case had been nearly concluded at the time they offered to amend their complaint, and no reason is given why they did not make the offer sooner. There is nothing to indicate that they were prevented by the defendants from acquiring this knowledge earlier. The record does not even disclose that they had, at the time they offered the amendment, just come into possession of knowledge that these parties were only life tenants. Under these circumstances we do not think the court abused its discretion in refusing to allow them to make the amendment.

Finally it is insisted that the evidence is not sufficient to warrant the verdict. We do not deem it necessary to set out the evidence in this branch of the case. We deem it sufficient to say that we have read and considered it and are of the opinion that it was amply sufficient to support the verdict of the jury; and, indeed, from the evidence adduced by the defendants, the jury would have been warranted in finding damages for the defendants in larger sums.

We find no prejudicial error in the record, and the judgment will be affirmed.

HART, J., (on rehearing). In their motion for rehearing, counsel for appellant earnestly insist that under the statute the county and not the district is liable for the damages suffered by the landowner for the land taken for the purpose of widening the highway in question. They rely on section 36 of act 338 of the Acts of 1915. See Acts of 1915, page 1400. The section in question provides that it shall be the duty of the board in changing the route of any road to lay it out in accordance with the provisions of act 422 of the Acts of 1911 and they claim that under this section the county would be liable for damages to land taken in changing the road. In making this contention counsel have not taken into consideration section 12 of the act in question. This section in express terms provides that the damages shall be paid out of the funds of the district, or by a reduction in the assessments of benefits.

(6) Again it is insisted by counsel that the court erred in not holding that the method of procedure should be in accordance with the provisions of act 422 of the Acts of 1911 as provided in section 36 of the act under consideration. In making this contention counsel have not considered section 37. The two sections must be read and construed together. Section 37 provides that if any owner of real property in the district demands the assessment of damages to his property by reason of the improvement by a jury, the board shall institute an ac-

tion in the circuit court for the condemnation of said land which shall be in accordance with the proceedings for the condemnation of the right-of-way of a railroad. The commissioners commenced this case in the circuit court under section 37. They attempted to dismiss their action, but the landowner objected. This was tantamount to an election to have the commissioners proceed under section 37, and the court properly refused to allow the commissioners to dismiss their action in the circuit court, and proceed under section 36.

The motion for a rehearing will be denied.