### ADKINS *v.* HARRINGTON.

### Opinion delivered May 12, 1924.

1. HIGHWAYS—DISBURSEMENT OF ROAD FUNDS—VALIDITY OF SPECIAL ACT.—Special Acts 1923, No. 275, providing for payment of three-mill road tax levied on property within a certain improvement district to the treasurer of the district, is not in conflict with Const., art. 7, § 28, granting to county courts exclusive jurisdiction over matters relating to roads and the disbursement of moneys for county purposes, and amendment 3, providing for the levy of a road tax not exceeding three mills, but not designating the agency to receive and disburse the funds so collected.

2. TAXATION—LEGISLATIVE CONTROL.—Unless inhibited by the Constitution, the Legislature has full power over all matters of taxation and collection and disbursement of taxes, and may exercise control over all revenues collected by subordinate branches of the State government.

3.  HIGHWAYS—STREETS OF CITY.—The streets of a municipality are
    public roads of the county of which the municipality is a com-
    ponent part.

4.  HIGHWAYS—LEGISLATIVE CONTROL OVER STREETS.—The State, in
    its sovereignty over all public highways, has full power over
    streets, as well as over public roads, and, unless prohibited by
    the Constitution, the Legislature may confer on such agency as
    it deems best the power of supervision and control over streets.

Appeal from Pulaski Circuit Court, Second Division;
*Richard M. Mann,* Judge; affirmed.

*W. H. Donham,* for appellants.

The act is in conflict with § 28, article 7, of the Con-
stitution. It makes no requirement that the commis-
sioners of the street improvement district shall expend
the money collected exclusively in the construction and
repairing of the street, whereas Amendment No. 3 to
the Constitution requires that said money shall be used
in "making and repairing public roads and bridges, *and
for no other purposes.*" It is quite clear that a street
improvement is not such a "governmental agency" or
branch of the government as falls within the meaning
of the decision in the case of *Sanderson* v. *Texarkana,*
103 Ark. 529.

The effect of the act, No. 275, is to give the improve-
ment district power to levy a tax of three mills on all
real property within the district for the specific purpose
of constructing a local improvement. 152 Ark. 573;
158 Ark. 84.

*Sam T. Poe, Tom Poe* and *Louis Tarlowski,* for
appellee.

The laws of the State regulating the organization
of municipal improvement districts and the duties of the
commissioners thereof clearly define the manner in
which the fund in question may be used. It will be pre-
sumed that the commissioners will obey the law. C. & M.
Digest, §§ 5647 *et seq.*; 22 R. C. L. 472, par. 143. Under
the State laws, improvement districts terminate when
the improvements are completed and the indebtedness
paid. In this case, when the indebtedness incurred for

the improvements has been paid, the obligation under the act 275, Acts 1923, to pay the three-mill road tax to the treasurer of the improvement district will cease. A local improvement district is *a governmental agency* created for the specific purpose of constructing and maintaining a local improvement. 152 Ark. 573; 158 Ark. 84. The act is valid. 103 Ark. 529; 122 Ark. 184; 76 Ark. 22; 152 Ark. 573; 158 Ark. 84; 119 Iowa, 619; 30 Mont. 338; 28 Cyc. 832. The effect of the act is not to grant to the improvement district power to levy a tax of three mills on all property within the district for the purpose of constructing a local improvement, but the effect thereof is to contribute to the cost of the construction from a public fund over which the General Assembly has control. *Whaley* v. *Northern Road Improvement District,* 152 Ark. 573, relied on by appellants, sustains appellees' contention as to the effect of the act. See p. 576.

E. B. KINSWORTHY, special Judge. Street Improvement District No. 340 of the city of Little Rock, Arkansas, and the South Broadway annex thereto, were organized under the laws of the State of Arkansas regulating the organization of improvement districts in cities and towns, for the purpose of paving Broadway Street in the city of Little Rock, Arkansas, from Markham Street to Twenty-second Street.

Appellee, Eugene M. Harrington, is a property owner in and treasurer of said improvement district and annex.

Appellants, Homer M. Adkins and J. E. Engstroum, are the duly qualified and acting sheriff and ex-officio collector of taxes, and treasurer of Pulaski County, Arkansas, respectively.

A majority of the qualified electors of Pulaski County, Arkansas, at the regular general election for the year 1922, voted in favor of a road tax. The county court of Pulaski County, Arkansas, together with a majority of the justices of the peace of the county, at its annual meeting in the year 1922, levied a tax of three mills on the dollar on all property in Pulaski County, Arkansas, as a county road tax; this tax being levied

under the authority given by Amendment No. 3 to the Constitution of Arkansas, which amendment was adopted on January 13, 1899.

After the formation of said street improvement district and annex thereto, the General Assembly of Arkansas for 1923 passed act No. 275, which act provides for the payment of the three-mill road tax levied on property within said Street Improvement District No. 340 and South Broadway annex, to the treasurer of said street improvement district. Said act also provides, in § 4, that compliance with any of the provisions of said act may be enforced by mandamus by any interested property-holder.

The act was passed for the purpose of assisting said improvement district and annex thereto in improving Broadway Street. In other words, the Legislature, by said act, authorized the three-mill road tax, collected on property within the borders of said improvement district and annex, to be used by said improvement district and annex in making and paying for said improvements.

Appellee, the treasurer of said improvement district, and also a property owner within the territory of said district, after the said three-mill road tax had been collected, demanded that Homer M. Adkins, as sheriff and tax collector of Pulaski County, and J. E. Engstroum, as treasurer of said county, deliver to him the amount of road tax collected on property in said improvement district, which they refused to do.

Appellee then instituted this action in the Pulaski Circuit Court, Second Division, asking that a writ of mandamus issue, commanding appellants and each of them to pay over to him, as treasurer of Street Improvement District No. 340 and annex thereto, the three-mill road tax collected from property within said district and annex.

Appellants filed a demurrer to appellee's petition for writ of mandamus, which demurrer contains two grounds.

First: That the petition did not state facts sufficient to justify the relief sought.

Second: That act No. 275, above referred to, on which said petition is based, is in conflict with § 28, article 7, and Amendment No. 3 to the Constitution of Arkansas.

The court below overruled the demurrer, and, appellants electing to stand upon their demurrer, and refusing to plead further, the court rendered a judgment in favor of appellee, and ordered that a writ of mandamus issue commanding appellants to pay over to appellee the funds in their respective hands which was collected on property included within the bounds of Street Improvement District No. 340 and annex thereto, that is, the three-mill road tax collected within said territory.

From this judgment of the circuit court appellants have appealed.

There is no question as to the jurisdiction of the court if said act No. 275 above referred to is legal, so the only question in the case is whether or not act No. 275 is in conflict with the Constitution of Arkansas. If it is, the case should be reversed; if it is not, the case should be affirmed.

It is urged that this act is in conflict with § 28 of article 7 of the Constitution of Arkansas, which grants to county courts original exclusive jurisdiction in all matters relating to roads, the disbursement of moneys for county purposes, and in other cases that may be necessary to the internal improvement of the county. Long after the adoption of the Constitution of 1874 and the above mentioned section thereof, Amendment No. 3 to the Constitution was voted by the people of the State, and declared adopted on January 13, 1899. By the amendment it is provided that the county court shall have the power to levy a road tax not exceeding three mills, if a majority of the qualified electors of the county shall have voted therefor at the general election preceding such levy. In amendment No. 3 no provision is made as to what governmental agency shall receive or disburse the funds collected from such tax. It is only provided therein that such taxes, when collected, shall be used in the

respective counties for the purpose of making and repairing public roads and bridges of the respective counties, and for no other purpose.

Unless inhibited by some constitutional provision, the State Legislature has full power over all matters of taxation and the collection and disbursement of taxes, and may exercise absolute control over all revenues collected by subordinate branches of the State Government.

The streets of a municipality are public roads of the county of which the municipality is a component part. *Texarkana* v. *Edwards,* 76 Ark. 22; *Sanderson* v. *Texarkana,* 103 Ark. 529; *El Dorado* v. *Union County,* 122 Ark. 184.

The State, in its sovereignty over all public highways, has full power over streets as well as over public roads, and, unless prohibited by the Constitution, the Legislature may confer on such agency as it may deem best the power of supervision and control over streets. We find that the Legislature that assembled after the adoption of the Constitution granted to municipal councils the power to lay out, open, establish, improve and keep in repair the streets within their corporate limits.

In the case of *Sanderson* v. *Texarkana,* 103 Ark., 534, the court, in passing upon an act of the Legislature appropriating to the city of Texarkana a part of the three-mill road tax, used the following language:

"By virtue of the constitutional provision authorizing the organization of municipal corporations by the Legislature, and the immediate legislation had hereafter, the supervision over public highways or streets within cities and towns was confided to the authorities of the municipalities, and by the constitutional provision of § 28, article 7, and legislative enactments thereunder, jurisdiction over highways or roads in the county, outside of municipalities, was confided to the county court. Both the streets in municipalities and the highways outside of them are public roads, and any money arising from taxation expended upon the one or the other is used for the purpose of making and repairing public roads

within the meaning of the provision of said Amendment No. 5.'' (Now called Amendment No. 3).

And quotes the case of *Texarkana* v. *Edwards, supra,* as supporting this doctrine. And in doing so the court further states in the Sanderson case:

"But it is urged that it was also held in that case that the road tax, when collected, is a county fund, and should be paid into the county treasury, and that the expenditure thereof is under the jurisdiction of the county court. It was, however, said in that case that such ruling was made only in view of the legislative enactments and the law as they then stood, and that, to avoid a conflicting jurisdiction between county and city officers, further legislation was required.''

The doctrine as above laid down is fully supported, not only by the case of *Texarkana* v. *Edwards*, but the case of *Sanderson* v. *Texarkana,* and of *El Dorado* v. *Union County.* This doctrine is so well settled by this court that we deem it unnecessary to cite other authorities or to say more on this point.

These cases also hold that the tax collected under Amendment No 2 is not a county fund in the sense that the entire tax belongs to the county and must be expended under the jurisdiction of the county court, and that, in the absence of any constitutional inhibition, the Legislature has full power, not only to apportion said road tax between the counties and municipalities, but also, as therein suggested, it has the power to direct what governmental organization shall handle the fund and have the right to expend that portion of the fund apportioned to it.

It is contended by appellants that, even if the Legislature had a right to apportion this road tax between cities and counties, it would not have the right to the distribution of any part of it to a local improvement district. This contention is in direct opposition to the decisions of this court, for this court holds, in the case of *Whaley* v. *Northern Improvement District*, 152 Ark. 573, that a local improvement district is a governmental agency. If it is a governmental agency, then the Legis-

lature would have a right to direct distributions to it out of this fund, for the improvement of streets. This court has also held that the Legislature, by virtue of its reserved authority, may select another agency than the city council to open highways through private property in incorporated towns and cities; in other words, that it may designate what improvement districts may do this. If so, it may order distribution to such improvement districts of funds which it can constitutionally distribute. *Road Improvement District No. 1* v. *McAlpin,* 163 Ark. 602.

From the foregoing it is evident that act No. 275, under consideration herein, is in no way in conflict with § 28, article 7, of the Constitution of Arkansas, or Amendment No. 3, and, said act not being in conflict with the Constitution, and the improvement district being a governmental agency established by the laws of the State of Arkansas, we are of the opinion that said act No. 275 is legal and binding, and that the court below was correct in issuing its mandamus.

The judgment of the circuit court is therefore correct, and is affirmed.

SMITH, J., disqualified.

HART, J., (dissenting). Judge WOOD and myself are of the opinion that the Legislature has no power to direct the payment of the three-mill road tax collected under Amendment No. 3 of the Constitution to a street or road improvement district. We think that the Legislature can only direct this tax to be paid under the direction of the county court to road or street improvement districts, except that in cities and towns the Legislature has the power to direct whether the municipal council or the county court shall be the agency which shall have the jurisdiction and the right to expend the portion of the fund apportioned to the city, when collected, upon the streets of such municipality, as pointed out in *Sanderson* v. *Texarkana,* 103 Ark. 529, and *El Dorado* v. *Union County,* 122 Ark. 184.

The Constitution must be.construed as a whole, and, to get at the meaning of any part of it, we must read it in the light of other provisions relating to the same subject. *Little Rock* v. *North Little Rock,* 72 Ark. 195. In that case it was contended that, inasmuch as the Constitution gave county courts exclusive original jurisdiction over the local concerns of the respective counties, the formation of cities and towns, or the change of their boundaries, was a local concern of which the county courts had exclusive jurisdiction.

The court held against this contention, and pointed out that the Constitution authorizes the creation of municipal corporations and permits the Legislature to confer upon such bodies jurisdiction over the local concerns of such municipality. Hence the court held that the local concerns over which the county court is given exclusive jurisdiction are those which relate especially to county affairs, such as public roads, bridges, ferries, and other matters of the kind mentioned in art. 7, § 28, of the Constitution.

Therefore when a municipal corporation is created with the rights, powers, and duties of a political governmental subdivision, it is but reasonable to conclude that it was intended that the Legislature might give such municipality jurisdiction over its streets, and not thereby interfere with the general jurisdiction over roads given to the county court under the Constitution. The reason is obvious. Jurisdiction over the streets peculiarly pertains to municipal corporations. In allowing the Legislature to create cities and towns, the framers of the Constitution must be deemed to have done so with the knowledge of the general principles which apply to such political subdivisions, and with the expectation that they shall exercise the usual jurisdiction of said subdivisions.

The object of incorporating towns or cities is to invest the inhabitants thereof with all matters of special municipal concern, and the streets are as much of special and local concern as anything connected with a town or city can well be. The reason is that sewer mains,

water pipes, gas pipes, and the pipes of other public service corporations must be laid in the streets of the city, and, if the city council did not have jurisdiction over its streets, it could not well carry out the purposes for which it was created.

Therefore when the provisions of the Constitution are read together in the light of the object sought to be accomplished, it seems reasonable that it was intended that the Legislature might give cities and towns exclusive jurisdiction over their streets when it was deemed for the best interest of the inhabitants to do so, and that this would not interfere with the jurisdiction over roads vested in the county courts in another section of the Constitution.

It by no means follows, however, that the framers of the Constitution intended that the jurisdiction conferred upon the county courts over roads should be given to any agency which the Legislature might see fit to create. We think that the principles which we have tried to emphasize have been recognized in the cases cited in the majority opinion, and, with all due respect, think the result of the majority opinion is to misapply the principles laid down in the cases cited therein.

If the Legislature has the power to direct the payment of the road tax to street improvement districts, it might also direct the payment of said road tax to road improvement districts, and thus the exclusive jurisdiction over roads given to the county courts by the Constitution could be taken away by the Legislature.