## Commonwealth v. Spang

*John A. Rieser*, district attorney, for Commonwealth.
*Edgar S. Richardson* and *Max M. Yaffe*, for defendant.

SCHAEFFER, P. J., May 11, 1938.—Defendant has appealed from a summary conviction for failing to stop at a "Thru Traffic Stop" sign. There is no dispute about the fact that she did not stop her car before entering the intersecting highway which was protected by a "Thru Traffic Stop" sign; but the case must turn upon whether the sign was so constructed or erected as to require her to stop. For The Vehicle Code of May 1, 1929, P. L. 905, and its amendments (Act of June 5, 1937, P. L. 1718) 75 PS §591, declare such failure to stop unlawful only where the sign has been erected "in accordance with the provisions of this act." Now the amendment set forth in the Act of June 22, 1931, P. L. 751, sec. 1112(*d*), 75 PS §712, provides not only that such signs shall be of such size, form, design, and coloring as the Secretary of High-

ways shall direct, but also that they "shall be illuminated at night, or so placed as to be illuminated by the head lamps of an approaching vehicle, or by street lights, or the word 'Stop' may be illuminated at night or may be luminous."

In our case, defendant's failure to stop occurred at night and the testimony is to the effect that an electric light hung in the intersection of the two streets; that is, the sign was between the light and defendant as she approached. Accordingly, the street light did not shine upon the side of the sign facing defendant.

The testimony further disclosed the fact that the sign was placed from seven to eight feet above the street. Defendant had her bright headlights turned on. But under the amendments to The Vehicle Code, supra, which seek to increase the safety of night driving by reducing the risks attendant upon blinding operators of on-coming cars, the beam or maximum intensity of the headlights should not project higher than 42 inches above the level upon which the vehicle stands at a distance of 75 feet ahead. Consequently we cannot say that a sign placed seven or eight feet above the vehicle's level is "so placed as to be illuminated by the head lights of an approaching vehicle".

Neither the sign, nor the word "Stop", was illuminated, nor were any parts of it luminous or equipped with reflectors.

We must conclude, therefore, that the sign was not erected in accordance with the provisions of The Vehicle Code, and that the act of an operator who at night failed to see the sign and to stop was not unlawful within the meaning of the amendment of 1937.

And now, May 11, 1938, defendant is adjudged not guilty and the costs are directed to be paid by the County of Berks.