ARK. STATE HIGHWAY COMM. *v*. CITY OF LITTLE ROCK.

5-1227; 5-1228                                    300 S. W. 2d 929

Opinion delivered April 8, 1957.

*W. R. Thrasher* and *Dowell Anders,* for appellant.

*Martin, Dodds & Kidd* and *Longstreth, Brooks & Kemp,* for appellee.

ED. F. McFADDIN, Associate Justice. The appellee, City of Little Rock, in its brief, states the question here

presented in this language: "The only question before this Court is whether or not the (State Highway) Commission has authority to prohibit parking on State Highway truck routes within the City of Little Rock." We answer the question in the affirmative; and such answer requires a reversal of the decrees in these two cases.

In September, 1953 the Arkansas State Highway Commission (acting under authority of Act 323 of 1953) designated certain streets in Little Rock as a truck route and undertook to erect on said truck route signs reading, "No Parking At Any Time." Thereupon, the City of Little Rock filed its suit in the Chancery Court to enjoin the members of the Arkansas Highway Commission from erecting the said signs. Likewise, certain property owners, on the route involved, filed their suit to enjoin the Director and Chief Engineer of the Highway Department from proceeding to erect said signs. In each case the defendants demurred to the complaint. When the demurrers were overruled the defendants stood on the demurrers, and from a final decree in each case granting the injunction the defendants filed their appeals to this Court. The cases were consolidated here because the question is the same in each case.

Act 323 of 1953[1] authorizes the State Highway Commission to designate truck routes through cities and towns. Section 1 of the Act reads:

"The State Highway Commission is hereby authorized to designate and establish truck routes through cities and towns, which routes shall be properly marked by said Commission. Any truck route so established shall become a part of the State Highway System and the State Highway Department shall construct, repair and maintain the Truck Route."

The Legislature had the power to enact such a Statute. *Merchants Transfer & Warehouse Co.* v. *Gates,* 180 Ark. 96, 21 S. W. 2d 406; *Adkins* v. *Harring-*

---

[1] This Act is in § 76-549 of the 1955 Cumulative Pocket Supplement of Ark. Stats.

*ton,* 164 Ark. 280, 261 S. W. 626. In the last cited case in an opinion by Honorable E. B. KINSWORTHY, Special Justice, this Court said:

"The State, in its sovereignty over all public highways, has full power over streets as well as over public roads, and, unless prohibited by the Constitution, the Legislature may confer on such agency as it may deem best the power of supervision and control over streets."

In the light of the foregoing there can be no doubt that the Legislature has authorized the Highway Commission to designate a truck route through Little Rock, and that the truck route so designated is a part of the State Highway System. So the question is whether the State Highway Commission has power to erect "no parking" signs on a part of the *State Highway System* that is in the City limits.

Act No. 300 of 1937 is a general highway traffic act.[2] It is not limited to the State Highway System, but applies to all highways, roads, and streets in the State of Arkansas, and, therefore, applies to streets in municipalities. Section 30 of the Act 300 of 1937 (§ 75-503 Ark. Stats.) allows local authorities in their respective jurisdictions to place and maintain traffic control devices on highways *"under their jurisdiction";* but the same Section 30 concludes with this language: "Local authorities in exercising those functions referred to in the preceding paragraph shall be subject to the direction and control of the State Highway Commission." Likewise, Section 26 of the Act No. 300 (§ 75-426 Ark. Stats.) allows local authorities certain regulatory power over traffic; but that section also limits the local authorities to "streets and highways under their jurisdiction."

Section 29 of the Act 300 of 1937 (§ 75-502 Ark. Stats.) reads:

---

[2] See § 75-402 Ark. Stats.

"(a) . The State Highway Commission shall place and maintain such traffic-control devices,[3] conforming to its manual and specifications, upon all State highways as it shall deem necessary to indicate and to carry out the provisions of this act or to regulate, warn, or guide traffic.

"(b) No local authority shall place or maintain any traffic-control device upon any highway under the jurisdiction of the State Highway Commission except by the latter's permission."

Therefore, we conclude: (1) that the truck route designated through Little Rock is a part of the State Highway System by Act No. 323 of 1953; (2) that the State Highway Commission was vested with exclusive control of the State Highway System; and (3) that the decree of the Chancery Court in each of these cases, enjoining the officers and employees of the State Highway Commission from erecting no parking signs, should be and is hereby reversed.

---

[3] "Traffic-control devices" are defined in Section 17 of the Act No. 300 (§ 75-417 Ark. Stats.) as being: "All signs, signals, markings, and devices not inconsistent with this act placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic."