GARRISON *v.* CITY OF ALPENA.

5028                                            350 S. W. 2d 690

Opinion delivered November 13, 1961.

*Len Jones,* for appellant.

*Virgil D. Willis,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a traffic violation conviction.

Appellant, Ray Garrison, was charged in Mayor's Court with the violation of a City Ordinance which made it a misdemeanor to run a stop-go light signal which was located at the intersection of U. S. Highway No. 62 and Center Street in Alpena. Appellant was found guilty of the violation in Mayor's Court and prosecuted an appeal to the Boone Circuit Court. The case was there tried *de novo* before a jury which found appellant guilty of violating the City Ordinance and assessed his fine at ten dollars plus court costs. From such conviction comes this appeal.

For reversal appellant relies upon twelve points, most of which question the authority of the City of Alpena to regulate the traffic on Highway 62 within the city limits by the use of the signal device here used. Appellant relies upon §§ 75-502, 75-503, 75-505, Ark. Stats., and cites *Arkansas Highway Commission* v. *City of Little*

*Rock,* 227 Ark. 660, 300 S. W. 2d 929, to support his contentions. We agree with appellant that the sections of Arkansas Statutes relied upon give the direction and control of traffic control devices located on state highways to the State Highway Commission. We further agree with appellant that *Arkansas Highway Commission* v. *City of Little Rock, supra,* stands for this proposition. Giving consideration to appellant's offer of proof, we would probably further agree with his contention on this point in the instant action if he were the State Highway Commission but such is not the case. Section 75-503 (a), Ark. Stats., is as follows:

"Local authorities, in their respective jurisdictions, shall place and maintain such traffic-control devices upon Highways under their jurisdiction as they may deem necessary to indicate and carry out the provisions of this Act or local traffic Ordinances or to regulate, warn or guide traffic. All such traffic control devices hereafter erected shall conform to the State Manual and Specifications."

Following the above legislative enactment, we are impelled to the conclusion that a city has the authority to pass local traffic ordinances to regulate, warn or guide traffic. See: *Pierce Oil Corp.,* v. *Hope,* 127 Ark. 38, 191 S. W. 405; *Goldman & Co. Inc.,* v. *City of North Little Rock,* 220 Ark. 792, 249 S. W. 2d 961; *Ft. Smith* v. *Van Zandt,* 197 Ark. 91, 122 S. W. 2d 187. The question as to whether traffic control devices placed or erected by a city to carry out traffic ordinances conforms to "the State Manual and Specifications" is a matter which could properly be brought up by the State Highway Commission and not, as here, by a person convicted of violating a valid traffic ordinance. See: *Arkansas Highway Commission* v. *City of Little Rock, supra.*

We have carefully examined the other points urged for reversal and find them to be without merit. As stated above, this is an appeal from a jury verdict. Four reputable business men of the City of Alpena testified that appellant ran the stop light without stopping. This

evidence is substantial, therefore, following our substantial evidence rule, the judgment is accordingly affirmed.

BOHLINGER, J., not participating.