WHITAKER, MAYOR *v.* ARK. STATE HIGHWAY COMM.

5-2627                                            355 S. W. 2d 286

Opinion delivered March 19, 1962.

*Virgil D. Willis,* for appellant.

*H. Clay Robinson,* for appellee.

JIM JOHNSON, Associate Justice.    This is an appeal from an order of the Boone County Chancery Court granting appellee, Arkansas State Highway Commission, an injunction against the city officials of Alpena which ordered a controversial traffic light removed.

The undisputed facts are as follows: At the intersection of Center and Main Streets, Main Street also being U. S. Highway 62, in the City of Alpena, the municipal authorities erected a traffic control device, to-wit, a flashing red traffic light. This device was erected pursuant to an Ordinance of the City Council. The City has not been granted permission by the Arkansas State Highway Commission to place or maintain this light. Traffic engineers employed by the Arkansas State Highway Commission have made traffic counts at this intersection to determine if the control device is warranted by the traffic conditions and have found that it is not.

The traffic engineer who testified in this case stated that the stop light on U. S. Highway 62 does not conform to the standards recommended by the Institute of Traffic Engineers, and adopted by the Arkansas State Highway Commission, stated what the standards were and explained in what manner the light is lacking. He explained that a non-standard light is dangerous.

Ark. Stats. §§ 75-502, 75-511 and 75-512 read as follows:

"75-502. The State Highway Commission shall place and maintain such traffic control devices conforming to its manual and specifications, upon all State highways as it shall deem necessary to indicate and to carry out the provisions of this act or to regulate, warn or guide traffic.

"(b) No local authority shall place or maintain any traffic control device upon any highway under the jurisdiction of the State Highway Commission except by the latter's permission."

"75-511. Conformity to standards. Any new electrical traffic-control signal device installed on any street, road or highway in this State after January 1, 1960, shall be in conformance with the standards recommended by the Institute of Traffic Engineers, approved as an American Standard by the American Standards Associ-

ation. All traffic signals shall conform to the State manual and specifications adopted by the State Highway Commission in accord with the requirements of Sections 28 and 30 of Act No. 300 of 1937 and Sections 75-501 and 75-503 of the Arkansas Statutes of 1947 Annotated (1957 Replacement)."

"75-512. Officials to arrange signals to conform. Any persons, officers, or officials charged with the duty of placing, operating or maintaining of electrical traffic-control signal devices on the public street or highways of this State shall arrange such signal devices to conform with the provisions of this Act [Secs. 75-509-75-513].."

These legislative enactments are so plain and unambiguous the learned Chancellor had no choice but to apply the plain language of the statutes to the undisputed facts, i.e.,

(1) The stop light is located upon U. S. Highway 62, a part of the State Highway System.

(2) The Commission has not given permission to the City of Alpena to place or maintain the light.

(3) The signal device did not conform to standards adopted by the State Highway Commission.

This application having been made by the trial court, and by this Court from the record on trial *de novo,* properly resulted in the granting by the trial court the injunction prayed. See *Adkins* v. *Harrington,* 164 Ark. 280, 261 S. W. 2d 626; *Arkansas State Highway Commission* v. *City of Little Rock,* 227 Ark. 660, 300 S. W. 2d 929; *Garrison* v. *City of Alpena,* 234 Ark. 170, 350 S. W. 2d 690.

Affirmed.

BOHLINGER, J., not participating.