The Honorable David R. Malone State Senator Post Office Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 May the County, in exercising its powers to exclude off-premises signs from certain designated scenic corridors, also regulate in any manner those signs erected by the State pursuant to the "LOGO SIGN PROGRAM" of the Arkansas State Highway Commission, Minute Order 87-5518, as amended or the "Tourist Oriented Directional Signs" (TODS) program of the Arkansas State Highway Commission?
The sign programs about which you inquire govern the placement, by the Arkansas State Highway and Transportation Department, of certain signs along (i.e., in the rights of way of) the state highway system (TODS program) and the interstate highway system (LOGO sign program). See
Arkansas Highway and Transportation Department, Regulations for Tourist-Oriented Directional Signs (TODS) and Policy for Erection of Specific Information Signs.
The signs contemplated by the LOGO sign and TODS programs are clearly "official traffic control devices" as defined by A.C.A. § 27-49-217(a) (Repl. 1994) for purposes of Act 300 of 1937 as amended, the Uniform Act Regulating Traffic on Highways of Arkansas, codified at various locations in title 27 of the Arkansas Code (the "Act"). With respect to such devices, the Act provides in part:
 (a) The State Highway Commission shall place and maintain traffic control devices, conforming to its manual and specifications, upon all state highways as it shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic.
 (b) No local authority shall place or maintain any traffic-control device upon any highway under the jurisdiction of the State Highway Commission except by the latter's permission.
A.C.A. § 27-52-105 (Repl. 1994).
A county is a "local authority" as that term is used in A.C.A. §27-52-105(b) above. A.C.A. § 27-49-207 (Repl. 1994).
Local authorities are also authorized by the Act to place and maintain traffic control devices, but only "upon highways under their jurisdiction," and only "subject to the direction and control of the State Highway Commission." A.C.A. § 27-52-106 (Repl. 1994). Likewise, A.C.A. § 27-49-106 (Repl. 1994) permits local authorities to regulate traffic, but only on "streets and highways within their jurisdiction. . . ."
In Arkansas State Highway Comm'n v. City of Little Rock, 227 Ark. 660,300 S.W.2d 929 (1957), the court held that the statutory provisions cited above authorize the Highway Commission to prohibit parking on streets within a municipality that have been designated as part of the state highway system. The court further held that the Commission's erection of "no parking" signs along such streets could not be enjoined at the instance of a municipality. See also Whitaker, Mayor v. Arkansas StateHighway Comm'n, 234 Ark. 865, 355 S.W.2d 286 (1962).
In my opinion, the court's decision in City of Little Rock is controlling here: the rights of way of the state and interstate highway systems are not under the jurisdiction of the county in which they are located, and the State Highway Commission has exclusive authority to erect or permit the erection of signs within such rights of way. Any county authority to regulate the placement or content of such signs would, of necessity, amount merely to the power to prohibit the erection of a sign otherwise permitted under the LOGO sign program or TODS program.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh