The Honorable Phil C. Wyrick State Senator 11001 Alexander Road Mabelvale, Arkansas 72103-1905
Dear Senator Wyrick:
This is in response to your request, on behalf of the Hillcrest Residents Association, for an opinion concerning whether the City of Little Rock may establish "permit parking districts in residential areas." You indicate that such designated areas would require a parking permit for on-street parking in the area, and parking permits would be issued only to bona fide residents of the area. In my opinion, the answer to your question is generally "yes."
The Arkansas Supreme Court has stated that in order to be a valid enactment, an ordinance must come within the scope of the powers granted to cities and towns, be promulgated in the proper exercise of police powers, and must bear some reasonable relation to the public health, safety, morals, welfare, comfort, or convenience. Wilkins v. City ofHarrison, 218 Ark. 316, 236 S.W.2d 82 (1951). An ordinance must not be arbitrary, capricious, or unreasonable. Johnson v. Sunray Servs., Inc.,306 Ark. 497, 816 S.W.2d 582 (1991). It is my opinion that the type of ordinance contemplated in your letter bears a reasonable relation to the public health, safety, morals, welfare, comfort, or convenience. Seegenerally Macedonian Orthodox Church v. Planning Board of Randolph,636 A.2d 96 (N.J.Super. A.D. 1994) (a municipality can exercise its general police powers to deal with problems of traffic and parking so that the character of a residential neighborhood is preserved).
It is well established that municipalities have the right to enact reasonable regulations relating to the parking or standing of vehicles, and the authority to enact regulations relating to the parking or standing of vehicles may be implied from the power delegated to municipalities to regulate traffic or to prevent the encumbering of their streets with vehicles. 7A Am Jur 2d, Automobiles and Highway Traffic § 329 (1997). Arkansas Code Annotated § 14-55-102 (1987) states that municipal corporations shall have the power to make and publish bylaws and ordinances, not inconsistent with the laws of the state, which, as to them, shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof. Seegenerally Garrison v. City of Alpena, 234 Ark. 170, 350 S.W.2d 690 (1961) (a city has the authority to pass local traffic ordinances to regulate, warn or guide traffic). Additionally, A.C.A. § 14-301-101 (1987) provides that the city council shall (1) have the care, supervision, and control of all public highways, bridges, streets, alleys, public squares, and commons within the city; and (2) cause those public highways, bridges, streets, alleys, public squares, and commons to be kept open and in repair, and free from nuisance.[1] In short, municipal authorities have wide discretion in matters of making reasonable provisions for the safety of its inhabitants through the enactment of ordinances, resolutions or bylaws. City of Ft. Smith v. Van Zandt, 197 Ark. 91, 122 S.W.2d 187
(1938).
There does not appear to be any helpful Arkansas case law concerning the precise question presented in your letter; however, courts from other jurisdictions have upheld local parking restrictions which discriminate in favor of residents of the particular area and against nonresidents thereof. The United States Supreme Court has held that such an ordinance does not, on its face, violate the Equal Protection Clause. County Bd. ofArlington County, Va. v. Richards, 434 U.S. 5, reh'g denied, 434 U.S. 976
(1977). The Court noted that a community may decide that restrictions on the flow of outside traffic into particular residential areas would enhance the quality of life thereby reducing noise, traffic hazards, and litter. Id. The Court further noted that the Constitution does not outlaw such social and environmental objectives, nor does it presume distinctions between residents and nonresidents of a local neighborhood to be invidious. Id.
In a case comparable to the situation presented in your letter, the Supreme Court of Montana upheld two city ordinances which regulated parking in the residential areas adjacent to the University of Montana.Associated Students of the University of Montana v. City of Missoula,862 P.2d 380 (Mont. 1993); see also Love v. Borough of Stroudsburg,597 A.2d 1137 (Penn. 1991) (borough ordinance creating a restrictive residential parking scheme was a valid exercise of police power and was not in violation of equal protection provisions of Pennsylvania Constitution). The City of Missoula adopted an on-street parking permit program to be used in residential areas adjacent to the University of Montana. Commuter parking on the sides of certain streets was prohibited between the hours of 8:00 a.m. and 5:00 p.m., Monday through Friday. Exceptions, however, permitted parking on holidays, parking for vehicles with permits, and parking for emergency or service vehicles. University area residential homeowners were permitted to purchase parking permits, but nonresidents could not purchase the permits. In upholding the ordinance, the court held that the distinction between residents and nonresidents rationally related to the City's legitimate governmental interests. The court concluded that the City had a legitimate interest in preserving the tranquillity among University commuters and area residents, in assuring homeowners ample parking space for themselves and their guests, and in reducing noise, traffic hazards, and litter in its residential areas.
Finally, with regard to whether a city must make any "finding[s] of fact" prior to establishing a "permit parking area," a city is not required to make any express "finding[s] of fact" prior to adopting an ordinance. Thus, it is possible that the city's governing body could simply determine that a specific area should be designated a "permit parking area." On the other hand, the city may also elect to adopt an ordinance specifying the manner in which an area may qualify as a "permit parking area." Under such an ordinance, the city should specify the requirements necessary to qualify as a "permit parking area." See Love, supra; CountyBoard of Arlington, supra. The establishing of such requirements is a matter within the purview of the governing body of the city.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Although you have not indicated that any part of the state highway system is involved, A.C.A. § 27-49-106(a) of the Uniform Act Regulating Traffic on Highways of Arkansas provides that no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this act unless expressly authorized in this act. Section 27-49-106(b) provides, however, that "provisions of this act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from: (1) Regulating the standing or parking of vehicles."