The Honorable Phillip T. Jacobs State Representative 819 Miller Street Clarksville, AR 72830-2239
Dear Representative Jacobs:
I am writing in response to your request for my opinion on the following questions:
 1. Can a city council establish an ordinance governing traffic control on a state highway within their city limits?
 2. Is there any such existing ordinance that the city attorney could review to use as a guideline to develop one in Dover?
RESPONSE: The answer to your first question is "yes," subject to the approval of the Arkansas State Highway Commission. I advise directing your second question to the Arkansas Municipal League.
Question 1: Can a city council establish an ordinance governing trafficcontrol on a state highway within their city limits?
The Arkansas Supreme Court has generally observed that in order to be a valid enactment, an ordinance must come within the scope of the powers granted to cities and towns, be promulgated in the proper exercise of police powers, and must bear some reasonable relation to the public health, safety, morals, welfare, comfort, or convenience. Wilkins v. Cityof Harrison, 218 Ark. 316, 236 S.W.2d 82 (1951). An ordinance must not be arbitrary, capricious, or unreasonable. Johnson v. Sunray Services,Inc., 306 Ark. 497, 816 S.W.2d 582 (1991).
With respect to your specific request, the following statutes control:
A.C.A. § 27-1-102. Legislative intent.
 (b) . . . The General Assembly further directs that each agency, authority, board, commission, department, and institution of the state and its political subdivisions regularly or intermittently involved in any effort concerning public transportation planning and operation in the state shall inform the Arkansas State Highway and Transportation Department of its transportation plans for the future. It is further directed that all transportation proposals by any public agency, authority, board, commission, department, or institution of the state and its political subdivisions involving any form of public transportation service to be operated on state highways shall be reviewed by the State Highway Commission as to its economy, effectiveness, efficiency, and equity in the overall transportation function of the state, its reciprocal relationships, and its coordination in the total transportation planning process for the state.
A.C.A. § 27-52-104. Adoption of uniform system.
 (a) The State Highway Commission shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter for use upon highways within this state.
 (b) The uniform system shall correlate with and so far as possible conform to the system then current as approved by the American Association of State Highway and Transportation Officials.
A.C.A. § 27-52-105. Devices on state highways.
 (a) The State Highway Commission shall place and maintain traffic-control devices, conforming to its manual and specifications, upon all state highways as it shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic.
 (b) No local authority shall place or maintain any traffic-control device upon any highway under the jurisdiction of the State Highway Commission except by the latter's permission.
 27-52-106. Local devices.
 (a)(1) Local authorities, in their respective jurisdictions, shall place and maintain traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this chapter or local traffic ordinances or to regulate, warn, or guide traffic.
 (2) All traffic-control devices erected shall conform to the state manual and specifications.
 (b) Local authorities in exercising those functions referred to in subsection (a) shall be subject to the direction and control of the State Highway Commission.
Pursuant to these statutes, the city should seek the permission of the State Highway Commission to undertake whatever traffic controls it deems necessary and, upon approval, enact a conforming ordinance. See Garrisonv. City of Alpena, 234 Ark. 170, 350 S.W.2d 690 (1961) (a city has the authority to pass local traffic ordinances to regulate, warn or guide traffic upon highways within its jurisdiction);[1] Whittaker v.Arkansas State Highway Commission, 234 Ark. 865, 355 S.W.2d 286 (1962) (where the Commission did not give the city permission to place or maintain a nonconforming traffic signal on a state highway, the chancellor properly ordered the signal removed).
Question 2: Is there any such existing ordinance that the city attorneycould review to use as a guideline to develop one in Dover?
This office does not maintain a library or index of local ordinances. I advise that you seek this information from the Arkansas Municipal League, P.O. Box 38, North Little Rock, Arkansas 72115; (501)374-3484.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] This general conclusions is qualified only by the effect of A.C.A. § 12-8-106 (h)(1) (Supp. 1999), which provides: "Municipal police are prohibited from patrolling limited access highways, except as may be authorized by the Director of the Department of Arkansas State Police." In Op. Att'y Gen. 99-375, issued simultaneously herewith, I conclude that this statute applies to interstate-highway city service roads within city limits — a category I understand is not at issue in your request.